# Universal Mutual Fire Insurance Company *versus* Weiss Brothers.

1. A policy of fire insurance on the machinery of a mill provided, inter alia, that in the event of a loss, a written notice of such loss, signed and sworn to by the assured, should be sent forthwith to the insurer; that there should be no waiver of the conditions of said policy, unless "clearly expressed and indorsed on the policy," and that no suit should be brought upon said policy against the insurer unless brought within six months after the occurrence of the loss. A loss having occurred, and the formal proofs of loss as prescribed never having been furnished, the insurer refused to pay the amount of the loss. In an action brought seven months after the occurrence of the loss by the assured against the insurer on said policy, the plaintiff, in order to establish a waiver of the above conditions, offered evidence to show that the president of the insuring company called upon the assured on the day after the fire, and was then informed that the mill containing the insured property had been destroyed by fire; that the president then told the assured that there was an assessment due upon the policy; that the assured had better pay it or he "would be counted out"; that the assured thereupon paid the assessment to the president, who received it, and then showed the president the ruins of the fire. One witness testified that he heard the president tell the assured, after the said payment of the assessment, that he (the president) would "send him (the assured) a check for the loss." The court below submitted this testimony to the jury to determine whether or not there had been a waiver by the insurer of the above conditions of the policy.

*Held*, to be error. That (1) the condition of the policy, requiring that a waiver of its terms must be "indorsed on the policy," was valid and binding.

(2) That as it did not appear that the promise to send the check was known or acted upon by the plaintiff, the evidence was insufficient to estop the defendant from insisting on a compliance with the express terms of its contract as a condition precedent to recovery.

(3) That even if an oral waiver of the condition requiring formal proofs had been established, the condition requiring the bringing of suit within six months after the occurrence of the loss was valid and independent of the precedent conditions of the policy, and there being no evidence of a waiver of this condition, the court should have withdrawn the testimony from the jury and directed a verdict for the defendant.

2. A policy is "valued" when it fixes a valuation upon the insured property as liquidated damages in order to avoid the necessity of a subsequent valuation in the event of a loss.

3. The policy in this case held to be an open, and not a valued policy.

4. The rule that in case of a valued policy of insurance on a building, a verbal notice to the insurer of the total destruction of such building will dispense with the necessity of formal proofs of loss, where such formal proofs are required by the contract, has never been extended to cases where the insured property consists of the contents of a building comprising a variety of articles.

March 13, 1884.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Northampton county*: Of January Term, 1884, No. 190.

This was an action of covenant by L. R. Weiss, Joseph Weiss, and Hiram Weiss, trading as Weiss Brothers, against the Universal Mutual Fire Insurance Company, to recover the sum of $1,000, with interest thereon, being the amount of a policy of fire insurance issued by the defendant to the plaintiffs on the machinery of the latter's mill for three years from October 1, 1877.  The mill, with the machinery therein, was destroyed by fire July 25, 1878.  This action was brought February 25, 1879.  The defendant pleaded covenants performed, with leave, etc.

On the trial, before MEYERS, P. J., it appeared that the policy in question, after reciting the fact that it insured the plaintiffs " to the amount of one thousand dollars against all loss or damage that may happen . . . . . to their machinery of every description," etc., and after agreeing " to make good unto the assured all such immediate loss or damage not exceeding in amount the sum insured, not exceeding two-thirds the cash value of the property hereby insured, as shall happen by fire . . . . . the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, to be payable ninety days after due notice or satisfactory proof thereof made by the assured ; " and after providing for the forfeiture of the policy in the event of any overvaluation of the property insured by the assured, contained, inter alia, the following conditions :

6. . . .  The use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein.

7. In case of any other insurance upon the property hereby destroyed, the assured shall be entitled to recover no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon.

9. Persons sustaining loss or damage by fire, shall forthwith give notice of said loss in writing to the company, and as soon thereafter as possible, render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portion of all policies thereon; also the actual cash value of the property and their interest therein.  . . . . .

The cash value of property destroyed or damaged by fire, shall in no case, exceed what would be the cost of the assured,

at the time of the fire, of replacing the same; and in case of depreciation of such property, from use or otherwise, a suitable deduction from the cash cost of replacing shall be made, to ascertain the actual cash value.

12. It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery. . . . . . unless such suit or action shall be commenced within six months next after the loss shall occur; and should any suit or action be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding.

The application for the above policy contained the following: "On their frame, sash and door factory, (steam power) building, slate roof. On machinery therein, including engine and boilers. Valuation, $6,500; sum to be insured, $1,000."

No formal proofs of loss, such as were required by the ninth condition of the policy, above recited, were ever furnished by the plaintiffs to the defendant. The latter contended that the failure of the plaintiffs to comply with this condition, and their further failure to bring suit for the recovery of the amount of the policy within six months after the occurrence of the loss, precluded their recovery in the present action. The plaintiffs contended that compliance on their part with the above conditions had been waived by the defendant in the following manner: On the day after the fire, Crosse, the president of the defendant company, called at the house of the plaintiffs. According to the testimony of Reuben Weiss, one of the plaintiffs, Crosse was then informed by the plaintiffs that the mill had been destroyed by fire and that his company had a policy of insurance upon the contents; that a dispute then arose between Crosse and the witness (Reuben Weiss) as to whether the machinery was included in the policy; that the policy was then produced and Crosse, on being satisfied that the machinery was so included, said that there was an unpaid assessment due upon the policy, that the assured had better pay it or the company "would count us (the Weiss Brothers) out and we wouldn't get it," i. e., the insurance money; that Reuben Weiss then paid the assessment and then took Crosse down to the mill and showed him the ruins. George Weiss, the father of the plaintiffs, after corroborating Reuben Weiss, testified that during this interview Reuben Weiss told Crosse that the mill was "all burned;" that after Reuben Weiss paid the assessment as aforesaid,

Crosse said to him: " When I get home I'll make out a check and send you a check for the loss between this and the time we have, and we will make a check out and send it to you." Crosse, in his testimony, denied making the remark attributed to him by George Weiss, but admitted the acceptance of the assessment. He also testified that he told Reuben Weiss at the close of the said interview, to make out his proof of loss and forward it to the company; that he viewed the ruins, as testified to by Reuben Weiss, but denied that he made any examination.

The defendant presented the following points:

3. The condition in the policy in suit that " the use of general terms or anything less than a distinct specific agreement° clearly expressed and indorsed on the policy shall not be construed as a waiver of any written or printed condition or restriction therein " is a valid and binding contract, and any waiver of any of the conditions of the contract must be in accordance therewith.

*Answer.*—This we cannot affirm.

13. Under the law and the evidence the verdict must be for the defendant.

*Answer.*—This point asks us to take the case away from the jury, which we cannot do, and we therefore cannot affirm this point.

15. The testimony of George Weiss as to the declaration of A. T. Crosse claimed to be a waiver, cannot be taken into consideration by the jury upon the question of waiver, there being no evidence in this case that such declaration was heard or relied upon as a waiver by either of the plaintiffs.

*Answer.*—This would be deciding a question of fact, which we cannot do, and therefore we cannot affirm this point.

The court charged the jury that if they believed that the plaintiffs gave the defendant through Crosse a verbal notice of their loss, and that Crosse's conduct in the above interview amounted to an acquiescence in such verbal notice of loss, that then there was a sufficient compliance on the part of the plaintiffs with the condition of the policy requiring formal proofs of loss; that the policy in question was a " valued policy," and that if they found that the fire resulted in a total loss, and that the plaintiffs gave the defendant through its president a verbal notice of such total loss, then such fact alone would dispense with the necessity of formal proofs; that it was for the jury to determine from the evidence whether the company had waived a compliance with the condition of the policy requiring formal proofs of loss; that it was also for them to determine whether or not the declarations and conduct of Crosse, as testified to by George Weiss, were such as

to induce the plaintiffs to believe that the loss would be paid and that there would be no contest; that if they found this question in the affirmative, such fact would be a waiver of the limitation of six months, within which an action was to be brought under the policy; that it was for them to determine whether or not Crosse's promise to send the check, although not testified to by Reuben Weiss, was heard and acted upon by him, and subsequently forgotten.

Verdict for the plaintiffs for $1,270, and judgment thereon. The defendant took this writ of error, assigning as error the answers to its third, thirteenth and fifteenth points, and the portions of the charge set forth *supra*.

*Reeder & Reeder*, for the plaintiffs in error.—A condition in a policy of insurance that there shall be no waiver of its terms except it be in writing and indorsed on the back of the policy, is valid, and it was therefore error to refuse our third point, and to permit the jury to find a parol waiver of the condition requiring formal proofs of loss: Waynesboro' Ins. Co. *v.* Conover, 2 Out., 384. But assuming the admissibility of evidence of a parol waiver in such cases, the evidence in this case was insufficient for the purpose. The only evidence of such waiver was that of George Weiss, who testified that Crosse promised to send Reuben Weiss a check for the amount of his policy. Reuben Weiss failed to testify to any such promise, and there was no evidence that he or any of the plaintiffs either heard the promise, if made at all, or acted upon it. To constitute a waiver it must be shown that the fact of such waiver was known and acted upon by the plaintiffs. We submitted this plain legal proposition to the court for its affirmance in our fifteenth point; its refusal was clearly error.

The Court also erred in instructing the jury that this was a " valued policy:" Wood on Ins., §§ 41, 42; May on Ins., § 30; Luce *v.* Ins. Co., 105 Mass., 297. Even in the case of a " valued policy," while notice of the total destruction of a *building* may be a sufficient notice of loss, yet the rule has never been extended to personal property: Home Ins. Co. *v.* Davis, 2 Out., 280. In any view of the case, there was no evidence of a waiver of the limitation of six months, within which an action could be brought under the policy, and our thirteenth point, withdrawing the case from the jury, should have been affirmed.

*P. C. Evans*, for the defendants in error.—There may be a parol waiver of a condition in a policy of insurance, requiring a written waiver of the terms of a policy to avoid the

[Universal Ins. Co. v. Weiss.]

consequences of non-compliance therewith: Inland Insurance Company v. Stauffer, 9 Casey, 403; Franklin Fire Insurance Company v. Updegraff, 7 Wr., 359; Lycoming Insurance Company v. Schollenberger, 8 Wr., 261; Drake v. The Farmers Insurance Company, 3 Grant, 325; Ben. Franklin Fire Insurance Company v. Flynn & Hamm, 2 Out., 627; Susquehanna Ins. Co. v. Staats, 6 Out., 529; Penna. Ins. Co. v. Dougherty, 6 Out., 568; Davis v. Ins. Co., 8 R. I., 277; Farmers' Ins. Co. v. Taylor, 23 P. F. S., 342; May on Ins., § 511. Under the authority of Farmers' Ins. Co. v. Moyer, 1 Out., 44, and Ins. Co. v. Schreffler, 8 Wr., 269.

This policy has all the essentials necessary to make it a "valued one," and it must have been so considered by Mr. Crosse, the president, the day after the fire, or he would have taken some step to ascertain how much the company was liable to pay. He knew the company had a policy for $1,000, he saw the ruins and collected an assessment after the fire, saying that unless it was paid they would be counted out, and said "he'd send a check for the loss when he got back to Philadelphia." He made no objection to the form of notice until the time for making it had expired. The insurer must object in a reasonable time: Clark v. New England Fire Insurance Co., 6 Cushing, 342; Great Western Insurance Co. v. Staaden, 26 Ill., 360; State Insurance Co. v. Maackens, 38 N. J., 564; Young v. Hartford Fire Insurance Co., 45 Iowa, 377; Ætna Fire Insurance Co. v. Tyler, 16 Wend., 385; May on Insurance, 468; Flanders on Insurance, 598.

Mr. Justice GORDON delivered the opinion of the court, April 14, 1884.

The contract of the parties litigant is to be found in the policy, and the conditions thereto attached, and to the terms and provisions of the agreement, as found in those papers, both parties must be held or neither. The insurance company can only be made responsible for the alleged loss, under the policy, by a showing by the Weiss Brothers of the performance of the conditions of that instrument on their part. To hold otherwise would be a mere travesty of justice. The principle here stated is not, indeed, denied, but an attempt has been made to avoid its effect by the interposition of the doctrine of estoppel. It is said, and so the court below permitted the jury to find, that the defendant, through its chief officer, acted in such a manner as to induce the plaintiffs to believe that it had or would waive the conditions, the breaches of which are now set up as a defence, and that it was thus estopped from taking advantage of the alleged want of conformity to the contract on part of the plaintiffs.

[Universal Ins. Co. *v.* Weiss.]

If the statement here made has been sustained by the proper proofs, and if, by reason of the acts and declarations of the agent of the company, the plaintiffs were induced to abstain from doing that which they otherwise would have done in the way of performance, then, and in that case, the defendant's contention can avail nothing in this court, and the judgment must be affirmed; for the principle here stated is so abundantly supported by authority that an attempt to overthrow it must fail of success. But when we come to look for the proofs by which the plaintiffs undertake to sustain their proposition, we are not able to discover them. The language of the sixth condition is as follows: " The use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed on this policy, shall not be considered a waiver of any written or printed condition or restriction therein." There is here no shadow of ambiguity; the language is plain, specific and positive; there shall be no waiver unless the agreement expressing it be indorsed on the policy. But we look in vain for anything like the waiver here prescribed. How then were the plaintiffs released from their engagement to furnish to the company, within a reasonable time after the fire, a particular and sworn statement of loss? And where is the proof, oral or written, by which the plaintiffs were released from the twelfth condition, which requires that suit should be brought, if at all, within six months from the date of the loss? As to the first of these interrogatories, an answer is attempted in the allegation that A. T. Crosse, the president of the defendant, soon after the fire, made a promise to Reuben Weiss, one of the plaintiffs, that when he got home they would make out a check and send it to him. To this, however, it is objected, that the evidence here stated furnishes no intimation of even an oral waiver of proofs of loss; that Crosse, taking it for granted that the plaintiffs would not neglect to comply with the condition, might have made the alleged promise, without the slightest intention of binding the company, which he represented, to what would in effect be a new contract. It is also objected, that a conversation of this kind is denied by Crosse, and that the chief design of the introduction of the stipulation requiring all waivers to be in writing, was for the purpose of avoiding just such disputes. Still another objection to this answer of the plaintiffs, as above stated, is, that whilst George Weiss, the father of those constituting the plaintiff firm, professes to have heard this conversation, yet as Reuben appears to have no recollection of the matter, he either could not have heard it, or having heard it, he gave it so little attention that it was neither impressed on his memory nor affected his action, and that in

either event no delay or damage resulted to the plaintiffs therefrom; hence, the defendant could not thereby be estopped from insisting upon the letter of the contract.

We think these objections to the plaintiffs' effort to escape from the plain terms of their agreement are sound, and should have been so treated in the court below. For further answer to the interrogatory above proposed, it is said: The policy is a valued one, and for that reason an itemized statement of loss was not necessary. We, however, cannot regard this as a valued policy. We have in the case of buildings, where there was a total loss, held that the policies were of this nature, and this for the reason that when the assured had given notice of the total loss of the building covered by the policy, he could do no more; there are, in such case, no particulars to detail, hence, further notice cannot in reason be required. But we have never so held with reference to the contents of a building consisting, as in this case, of a variety of articles. And though this term " valued policy " has been used as above stated, yet it does not strictly apply, for its proper application is to such cases only where a valuation is fixed upon the underwritten property by way of liquidated damages, and for the purpose of avoiding a subsequent valuation of the property in case of loss: 2 Bouv. L. Dict., 345. Of course, where such is the contract of the parties they must be held to it, but that such is not the nature of the policy under consideration is obvious from the very terms of it.

The second of our questions remains wholly unanswered; for there is not even the pretence of the waiver of that condition which required suit to be brought within six months after the loss. This is an independent condition and cannot be made to depend on the waiver of precedent conditions. Had the loss been regularly adjusted, as provided for by the policy, still the limitation was in force; suit must have been brought within the time prescribed, and the neglect of this provision must necessarily, if a contract of this kind is worth anything, bar a right of action on part of the assured.

To say, therefore, that Crosse's agreement to send a check for the amount of the loss, in any way affected this stipulation, or to submit such a question to the jury, was a mistake. Insurance Co. *v.* Conover, 2 Out., 384.

As what we have already said, disposes of the case radically, and sustains the defendant's 13th point, we are relieved from a more particular discussion of the assignments.

The judgment is reversed.