McCrea, Appellant, *v.* Patrons Mutual Fire Insurance Company of Southern Pennsylvania.

*Practice, C. P.—Rules of court—Admissions—Evidence—Affidavit of defense.*

1. Where a rule of court provides that facts alleged in a statement of claim, if not specifically denied by affidavit are to be regarded as true, a plaintiff cannot avail himself of his statement for the purpose of establishing a fact, if it appears that the fact is denied in a supplemental affidavit of defense filed by permission of the court after the second trial and before the third trial of the cause.

*Insurance—Mutual fire insurance—Notice of loss—Proofs of loss.*

2. A letter sent by an insured to an insurance company stating merely that there was a fire, but giving no information as to what was consumed, or whether the property destroyed, if destroyed at all, was covered by the policy, is an insufficient notice of loss, although the loss may have been total, and will not take the place of the proof required by the policy.

3. In an action upon a fire policy, evidence of an adjustment sufficient to establish a waiver of proofs of loss, is ineffectual for that purpose, where the only thing shown is that a certain person, naming him, came "to look over the damage," without any proof to show that the person named had any authority to adjust the loss, or to represent the company in any way.

Argued March 13, 1911.    Appeal, No. 20, March T., 1911, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1907, No. 101, on verdict for defendant in case of W. H. McCrea, Administrator of James D. Rea, deceased, v. Patrons Mutual Fire Insurance Company of Southern Pennsylvania.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit upon a policy of fire insurance.    Before SADLER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* appear by the opinion of the Superior Court.

*E. M. Biddle, Jr.,* for appellant.—The defendant offered no excuse for its failure to make this denial earlier in the case; nor did it offer any explanation of its tacit admission on the former trials of the truth of the averments in the statement, nor on this trial did it offer any evidence to contradict those averments, and as the amendment was proposed manifestly for the sole purpose of rendering it more difficult for plaintiff to make out his case, it should

have been refused on this ground, and on account of laches: Bricker v. Dull, 82 Pa. 328; Stout v. Stout, 44 Pa. 457; Perdue v. Taylor, 146 Pa. 163; Bonnert v. Ins. Co., 129 Pa. 558; Riley v. Ins. Co., 12 Pa. Superior Ct. 561.

The object of the notice of loss is merely to give information to the company that a claim against it exists. The letter was sufficient: Hess v. Ins. Co., 38 Pa. Superior Ct. 158; Bonnert v. Ins. Co., 129 Pa. 558; Weiss v. Ins. Co., 148 Pa. 349; Western & A. Pipe Lines v. Ins. Co., 145 Pa. 346; Gould v. Ins. Co., 134 Pa. 570; McCormick v. Ins. Co., 163 Pa. 184; First Nat. Bank v. Maikranz, 44 Pa. Superior Ct. 225.

In the case at bar there was nothing to indicate that specific proofs of loss would have been useful to the defendant, nor was any claim or assertion of that kind made: Roe v. Ins. Co., 149 Pa. 94; Hower v. Ins. Co., 9 Pa. Superior Ct. 153; Hess v. Ins. Co., 38 Pa. Superior Ct. 158; Gartsee v. Ins. Co., 30 Pa. Superior Ct. 602; McGinnis v. Ins. Co., 38 Pa. Superior Ct. 390; Davis v. Ins. Co., 5 Pa. Superior Ct. 506.

*S. B. Sadler*, with him *George M. Hays*, for appellee.— The rule that in case of a valued policy of insurance on a building, a verbal notice to the insurer of the total destruction of such building will dispense with the necessity of formal proofs of loss, where such formal proofs are required by the contract, has never been extended to cases where the insurance covers a variety of articles: Universal Mut. Fire Ins. Co. v. Weiss, 106 Pa. 20; American Life Ins. & Trust Co. v. Shultz, 82 Pa. 46.

The evidence as offered was clearly not sufficient to show the authority of Wise to waive, irrespective of his denial of the occurring of any such conversation: Universal Mut. Fire Ins. Co. v. Weiss, 106 Pa. 20; Hess v. Ins. Co., 38 Pa. Superior Ct. 151.

OPINION BY BEAVER, J., April 22, 1911:

The defendant was a mutual fire insurance company,

of which the decedent, of whose estate the plaintiff was administrator, was a member.   The estate of the decedent held, at the time of his death, a policy in the defendant company, covering thirteen distinct items, the last of which was a tenant house valued at $532.

The principal grounds of defense were, first, that the plaintiff at the time of the loss was in default in the payment of two different assessments regularly levied, of which he had due notice, and, second, the failure to furnish proofs of loss, as required by his policy within the period required thereby.   Either of these defenses, if established, was good and would prevent a recovery.

1. Under the rules of the court of common pleas of Cumberland county, the facts alleged in the plaintiff's statement of claim, if not specifically denied by affidavit, are to be regarded as proved, without further evidence. It was alleged in the plaintiff's statement "That, on the 2nd day of November 1906, . . . . the tenant house was destroyed by fire . . . . the said tenant house being totally destroyed by said fire.   That plaintiff immediately notified defendant company of said loss in accordance with the terms of said policy . . . . which notice and proofs were received and accepted as satisfactory by said company and have ever since been retained by it and are now in its possession."   These statements of fact had not been specifically denied by affidavit of defense, or otherwise, of record upon the first and second trials of the case. Before the trial now under consideration, however, the defendant, upon regular application and allowance by the court, filed an affidavit of defense specifically denying that notice had been given and that proofs of loss had been furnished.

The first, second and third assignments of error deal with the question of this allowance of an amendment by the court by offering the statement of claim for the purpose of showing notice of loss to the defendant.

The plaintiff raised the question of the sufficiency of notice of loss by offering the statement for that purpose.

This was objected to, because the receipt of notice of loss or proofs of loss is denied by the affidavit of defense and the supplemental affidavit of defense filed, and, therefore, the facts, as set forth in the statement, are not to be taken as admitted. This objection was sustained and the offer was overruled.

The second assignment relates to the refusal of the court to allow the plaintiff to offer the record of the first trial for the purpose of showing an admission then by defendant of notice of loss by plaintiff. This was also objected to and ruled out.

The third assignment relates to a like ruling in regard to the record of the second trial, and these three assignments raise the question which is first argued by the appellant. We think the plaintiff's offers were properly refused. The affidavit of defense specifically denied the facts, as stated by the plaintiff in his statement of claim, and it was, therefore, necessary for the plaintiff to establish the fact of notice in some other form, which he attempted to do.

Upon the demand by the plaintiff, the defendant furnished the notice given by the plaintiff of his loss under the policy, which is not denied, was introduced in evidence by the plaintiff, and is as follows:

"Newville, Nov. 9th, 1906.

"H. S. Mohler,

"Dear Sir: I have to inform you that we had a fire last Friday. I expect to be away from home after next Wednesday for some time.

"Yours as ever, J. D. Rea."

It is difficult to imagine a notice which would convey less definite information than this. Was the fire destructive? What did it destroy? Was the property destroyed insured? Was it a total loss? Was the property destroyed covered by the policy of insurance in the defendant company? Not a single one of these natural inquiries is answered and no definite information of any

kind conveyed. It is not surprising that, in view of the character of the notice, the defendant sought to forestall the result of his failure to make a distinct denial in his affidavit of defense of the facts of notice and proofs of loss which had been established by the statement of claim of the plaintiff, under the rule of court referred to. It seems quite clear to us that the court was entirely correct in ruling that such a notice as this did not in any way dispense with the necessity for the proofs of loss required by the policy. Where the notice is specific and the loss total, it is difficult, of course, to furnish details which will enable an insurance company to determine definitely what the loss may be, and where such a notice has been given which practically covers all the information necessary for the company to have in regard to the loss, it has been held in numerous cases that detailed proofs of loss were not necessary, but this is evidently not such a notice, and the court rightly held, as we view it, that it did not in any way dispense with the necessity for the proofs of loss required by the terms of the policy.

Among the conditions contained in the policy issued by the defendant company were these: "This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required.

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements nor unless commenced within twelve months next after the fire.

\*    \*    \*    \*    \*    \*    \*    \*

"This policy is made and accepted subject to the fore-

going stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative, shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission effecting [affecting] the insurance under this policy exist or be claimed by the insured, unless so written or attached."

The plaintiff attempted to prove that John P. Wise came "to look over the damage." Two witnesses were examined in reference thereto, but they did not show any authority on the part of Mr. Wise to adjust the loss or to represent the company in any way, although it was testified by one of the witnesses that he was a director of the company. Upon objection, however, this testimony was ruled out.

The fourth assignment of error relates to that portion of the charge of the court in which it is said: "We are also of the opinion that under the notice of loss produced and offered by the plaintiff there was no such statement of loss given to the company defendant as would waive the necessity of filing the proofs of the same, as required by the terms of the policy," and, in the fifth assignment of error, this is complained of: "There was not any competent evidence to show that there was an adjuster sent by the company to confer with Rea, or that he adjusted the loss, or that even if some one assumed to be such, and even did so, that he was so authorized by the company, or made a report thereof to it, or communicated with the company in reference thereto."

We are of the opinion, in view of the facts heretofore stated and not denied, that the court was correct in both

of these positions. The notice, as already shown, was not specific in any respect. It simply stated that there was a fire, but gave no information as to what was consumed or whether the property destroyed, if destroyed at all, was covered by the policy. It was as indefinite as it was possible to make it, and, therefore, did not put the company upon notice of a loss, much less take the place of the proofs required by the policy.

The testimony as to an adjustment was also very indefinite and could not be construed into a waiver of the necessity for the proofs of loss, particularly in view of the terms of the policy which required such a waiver to be indorsed upon the policy or attached thereto: Universal Mutual Fire Ins. Co. v. Weiss et al., 106 Pa. 20.

We are, therefore, prepared to say, as a matter of law, that the complaint of the appellant as to the answer of the court to the defendant's fifth point that "Under all the evidence, the verdict of the jury must be for the defendant," which was "The last prayer on behalf of the defendant is, therefore, affirmed," cannot be sustained. It seems to us clear that nothing shown by the plaintiff in any way accounted for or took the place of, or was a waiver of the proofs of loss required by the policy and, inasmuch as no suit in law or equity could be maintained under the terms of the policy without such proofs of loss, there could be no recovery.

This, of course, disposes of the entire case, and it is not necessary to consider the other assignments of error, even assuming that there might have been ground for complaint as to anything therein contained. We do not say that there was, but if there can be no recovery because the proofs of loss were admittedly not furnished, it is not necessary to consider them.

Judgment affirmed.