## Edelson, Appellant, *v.* American Employers Insurance Company of Boston, Mass.

*Insurance—Automobile insurance—Policies—Term of—Accidents—Notice Sufficiency.*

A policy of insurance provided that notice of any accident should be given immediately by the assured, and that if any claim were made on account of such accident, the assured should give like notice with full particulars.

A notice ten weeks after the accident, and not complying with the requirements of the policy, is insufficient and defeats any rights thereunder.

Such notice must be given within a reasonable time, and the question of compliance is one of law where the court should decide that there was undue delay; otherwise the case is one for the jury. Where the policy provided that the notice required must be in writing, and must contain the fullest particulars, a telephone message is insufficient.

In an action of assumpsit on the policy, judgment in favor of defendant, non obstante veredicto, will be affirmed.

Argued November 14, 1927. Appeal No. 85, October T., 1927, by plaintiff from judgment of C. P. Lancaster County, August T., 1925, No. 57, in the case of Harry Edelson v. American Employers Insurance Company of Boston, Mass. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Assumpsit on a policy of insurance. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $900. Subsequently the Court, on motion, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the decree of the Court.

*John E. Malone,* and with him *H. G. Ripple* and *G. T. Hambright,* for appellant.

*K. L. Shirk,* and with him *Harris C. Arnold* and *John A. Coyle,* for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

The plaintiff's action arises on a policy of insurance issued by the defendant to indemnify the plaintiff against injury to his automobile arising from collision, etc. It was alleged in the statement of claim that while he was driving his automobile in the city of Miami, Florida, on the 13th of February, 1925, he came in collision with a truck, whereby his car was damaged. He afterward drove the car to his home in Lancaster, Pennsylvania, where, on March 2nd, 1925, he gave a verbal notice to Mr. Worrest, who had formerly been an agent of the defendant but had ceased to be such some time before the accident, that his car had been injured in an accident. Thereupon Mr. Worrest, acting in behalf of the plaintiff and not for the defendant, undertook to notify the latter of the accident. He testified that he wrote to the company's agent in Philadelphia a letter dated March 2nd, 1925, the tenor of which is as follows: "Re-Policy No. 4567. Harry Edelson. I am enclosing herewith a report of a collision which the above assured had. He has taken his machine to the Schutte Body Company, where the body on same was built, but will not order them to go ahead with the repairs until the 5th. If I do not receive a telegram from you till that date advising against same, I will order him to go ahead with the repairs. Hoping that the above will prove satisfactory, I remain, Yours truly." About a week later on the advice of Mr. Worrest the plaintiff took his car to a repair shop where it was repaired. Not having heard from the defendant Worrest called the Philadelphia agency on the telephone on or about April 27th, 1925 and the next day a Mr. Schlitte, representing the company, came to Lancaster to investigate the situation. The company denied that it had received the notice referred to by

Mr. Worrest and alleged that the first information it had of the accident was the telephone communication of April 27th.

The claim presented was for $999.70. The policy contained a condition that "Upon the occurrence of an accident covered by this policy, the Assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the Corporation's home office at Boston, Mass., or to the Corporation's authorized agent. If a claim is made on account of such accident the Assured shall give like notice thereof with full particulars. The Assured shall at all times render to the Corporation all cooperation and assistance in his power." Defense was made on two grounds: (1) That no such accident as asserted by the plaintiff occurred, and (2) That the plaintiff failed to comply with the condition of the policy requiring immediate written notice of the occurrence of an accident with the fullest information obtainable at the time, to the corporation's home office in Boston, Mass., or to the corporation's authorized agent; and that he failed to give like notice of the claim to be presented with full particulars with respect thereto. The court submitted the case to the jury under the evidence, after refusing a request for binding instructions for the defendant. Subsequently on a rule for judgment non obstante veredicto judgment was entered for the defendant. The only question presented for consideration here is was notice of the accident and of the claim for damages given in conformity to the condition of the policy above quoted?

It is conceded that notice was given about the 27th of April but it seems not to be seriously contended that that was a compliance with the duty imposed on the plaintiff by the contract. A period of two weeks intervened between the time of the accident and the date of his arrival at his home in Lancaster, and nearly two months thereafter before the notice by telephone

was given to the company's agent in Philadelphia. Nothing in the case discloses any disability under which the plaintiff rested which prevented him from giving the immediate notice called for by the policy. It is the conclusion of all of our cases that such notice must be given within a reasonable time and that the question of compliance is one of law where the court should decide that there was undue delay; otherwise the question is one for the jury: Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456; Edelson v. Norwich Insurance Co., 59 Pa. Superior Ct. 379; Hughes v. Central Accident Insurance Co., 222 Pa. 462. We agree with the trial court that a delay of about ten weeks in giving the notice of loss was so unreasonable as to deprive the plaintiff of the benefit of the contract. Such notice is important to the insurer to enable it to secure information as to whether the accident occurred, to learn who may have witnessed it, and to ascertain the extent of the injury. The obligation to furnish "full particulars" promptly rested on the plaintiff. The propriety of a prompt notice in this case is conspicuous. The injury occurred at a remote place; the plaintiff's account of it was somewhat confused and contradictory and before the defendant received information of the occurrence as it contends, the car had been repaired at a cost equal to the amount of the policy. Unless, therefore, the alleged notice of March 2nd is available to the plaintiff there is no evidence which would sustain the verdict. As has been seen the notice must be in writing, it must be given with reasonable promptness and must contain the fullest information obtainable. All that is alleged with respect to the first notice is contained in the testimony of Mr. Worrest who said: "I wrote a letter to the insurance company that day," that is, March 2nd, 1925. He further said, in the same connection "I notified them the car was damaged, and, if satisfactory, I would have the car sent and get it fixed; if I didn't hear from them,

we would go ahead," and that he did not hear from them. The evidence thus given with respect to the letter is not sufficient to raise a presumption that it was received by the defendant. In order to raise a prima facie case of notice it must appear that the letter was stamped and deposited in a regular United States mail box, or in a post-office, and thus placed in the custody of the agents of the postal service whose duty it is to forward postal matter: Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456; Giordano v. Insurance Co., 66 Pa. Superior Ct. 575; Whitmore v. Dwelling House Insurance Co., 148 Pa. 405. There is no testimony that the letter referred to was placed in a stamped envelope and deposited in a government mail box, or that it ever left the office or place of business of the witness who said he wrote it. The evidence is ineffective, therefore, to create a presumption that it was received by the defendant. Moreover, it lacked definiteness as to the time, place and circumstances of the accident and was wholly insufficient as a compliance with the demand of the condition in the policy: McCrea v. Insurance Co., 46 Pa. Superior Ct. 618; McCarthy v. Rendle, 220 Mass. 35. The failure on the part of the plaintiff to give the written notices of the accident and of the claim for damages as stipulated in the policy is an unsurmountable obstacle to the maintenance of the action.

The judgment is affirmed.