Donnelly *v.* Metropolitan Life Insurance Company, Appellant.

584

Argued April 26, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Dale C. Jennings,* for appellant.

*Martin Croissant,* for appellee.

OPINION BY BALDRIGE, J., July 13, 1934:

This action of assumpsit was brought against the Metropolitan Life Insurance Company upon a policy insuring against bodily injuries caused, directly and independently of all other causes, by violent and accidental means.

The plaintiff, a salesman and district manager of a chemical company, was insured in the defendant company under a policy, issued June 26, 1924, in consideration of a semi-annual premium of $9.90. On Friday, August 28, 1931, in leaving the high school at Greenville, Pa., he bumped into a door jamb, striking

his right eye. While driving back to Pittsburgh, where he lives, he noticed that the sight of his right eye began to grow dim. That night he bathed it, and on Saturday went to see a doctor, who was not able to give him attention. On Monday, the 31st, Dr. Metzger examined him and found that he had detachment of the retina and no serviceable vision of the eye. Although there were signs of contusions on his face and eye, the doctor could not state specifically that the condition of the eye was caused by an injury, as detachment of the retina may happen from disease as well as injury. He stated that the plaintiff was myopic to a heavy degree, and that a near-sighted eye is more susceptible to detachment of the retina than a far-sighted eye.

The policy provides that written notice of injury must be given to the company within twenty days after the date of the accident, but "failure to give notice within the time provided in this policy shall not invalidate any claim if it be shown not to have been reasonably possible to give such notice and that notice was given as was reasonably possible." In addition to that notice, proof of loss must be filed within ninety days after date of the loss. It is admitted that no notice of any kind was given the insurer until the last week in November, and that written notice, which the policy requires, was not given until the 18th of December, 1931.

The defendant contends that it is entitled to judgment (1) because plaintiff has not complied with the terms of the contract in filing notice and proof of claim within the time limit in the policy; and (2) that he has not met the burden of showing that his condition is the result of injury sustained by violent and accidental means, independent of all other causes.

The plaintiff, in response to the question whether he knew he had an accident policy at the time he was

injured, answered: "Why I knew I had it, but I could not just recall the name at that time." Mrs. Donnelly, owing to the plaintiff's impaired vision, searched for the policy, but, as her husband did not give her any particular instructions where to look, she was unsuccessful in locating it. He admitted he did not ask her to examine the check stubs or his receipts, although he had been paying premiums for a period of seven years on this policy. His explanation of this omission was that he thought a reference thereto was not necessary or important as he did not know whether the policy protected him. The search was made for the policy on the 28th of August and no attempt was made for three months thereafter to locate it. The plaintiff learned the name of the insurer when he received notice to pay the premium the latter part of November. His wife then made a further hunt and found the policy in the cupboard in their home.

We think what is "reasonably possible" depends upon the facts and circumstances in each particular case, and is a question for the court, and not the jury, when the facts are not in dispute, to decide whether notice was given as required by the terms of the policy. Assuming the truth of all the plaintiff's evidence, the facts established do not show such due 'diligence and reasonable effort upon the part of the insured to find the policy and to give notice of the injury as required by its terms. In American Fire Ins. Co. v. Hazen, 110 Pa. 530, 535, 1 A. 605, it is stated: "What is a reasonable time, when the facts are ascertained, is ordinarily a question of law for the court, to be determined upon a consideration of all the circumstances; where, however, the facts are not clearly established, or whether the question is dependent upon other controverted matters it is, under proper instruction, for the jury." In Edelson v. Amer. Emp. Ins. Co., 92 Pa. Superior Ct. 90, 93, this court, speaking through Judge HEND-

ERSON, said: "It is the conclusion of all of our cases that such notice must be given within a reasonable time and that the question of compliance is one of law where the court should decide that there was undue delay; otherwise the question is one for the jury [citing cases]. We agree with the trial court that a delay of about ten weeks in giving notice of loss was so unreasonable as to deprive the plaintiff of the benefit of the contract. Such notice is important to the insurer to enable it to secure information as to whether the accident occurred, to learn who may have witnessed it, and to ascertain the extent of the injury." See, also, Dunshee v. Travelers Ins. Co., 25 Pa. Superior Ct. 559. Especially is a prompt investigation important in a case of this kind where the loss of vision could be caused either by disease or trauma.

The plaintiff, in support of the position that the question of whether notice was given as required was for the jury, chiefly relies on Curran v. National Life Ins. Co., U. S. of A., 251 Pa. 420, 96 A. 1041. That was an action by the insured on a policy of accident insurance to recover for the death of the beneficiary, under a beneficiary insurance clause attached to the policy. The plaintiff's sister, covered by the policy, was burned to death and her mother was seriously, if not fatally, burned, as a result of a fire in their home. The policy required that "immediate written notice must be given the company" of any accident for which indemnity was claimed. The accident occurred February 1st and notice was mailed April 27th. As a reason for the delay, plaintiff testified that the policy was in the possession of his sister and all renewal receipts were given to her; that right after the accident he was so prostrated that he had no thought of insurance, and, later, owing to a transfer of the policy which had been made, he did not know the name of the company carrying the insurance; that

he had made search for all the papers at different times and finally discovered them in a wardrobe in his own room. The court held there that in such circumstances the delay in notifying the company was not so great that the court should have decided the matter of law. There the facts are quite dissimilar to those in the case in hand, and that policy did not expressly make the furnishing of proof of loss within the time stated a condition precedent to the right of recovery. The policy before us provides: "Failure of the insured or beneficiary to comply with any of the provisions or requirements of this policy shall invalidate all claims." We recognize the principle that a liberal construction in favor of the beneficiary should be placed on the terms of this policy. We do not enforce a hard and fast rule, admitting of no exception, for failure to comply with provisions of this character. On the other hand, the insurer has rights which are entitled to recognition. It may stipulate that the insured or beneficiary, as the case may be, must give notice of a demand within a reasonable time after an injury. Such a provision is enforceable. In the case before us, the excuse offered for failure to give notice was inadequate. There appears a clear failure to make such a faithful and thorough search as was incumbent upon plaintiff. He was bound by the terms of his own contract, and so are we. If without valid reason, he did not comply with the requirements of the policy, he must bear the unfortunate consequences of his neglect.

In view of our conclusion that the plaintiff failed to give notice of his injury as provided by the terms of the policy, it is unnecessary to consider the other question raised by defendant.

Judgment is reversed and is now entered for defendant.