Ross et al., Appellants, *v.* Mayflower Drug Stores, Inc., et al.

212

Argued March 27, 1940.   Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*S. C. Pugliese,* of *Margiotti, Evans & Pugliese,* with
him *Joseph A. Rossi,* for appellants.

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie,
Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE STERN, April 15, 1940:

Defendant, Mayflower Drug Stores, Inc., was insured
by the St. Paul Mercury and Indemnity Company
against liability for accidents. The policy, after setting
forth the covenants on the part of the company, pro-
vided that "The Foregoing Agreements Are Subject to
the Following Conditions: . . . (3) The Assured, up-
on the occurrence of an accident, shall give prompt writ-
ten notice thereof, with the fullest information obtain-

able at the time, to the St. Paul, Minnesota, Office of the Company, or to its duly authorized agent."

On December 18, 1932, Marie Ross, minor plaintiff, fell on the step of defendant's store and sustained injuries to recover for which she and her father instituted suit on November 29, 1933. Defendant having, on December 20, 1932, notified the Lumbermen's Mutual Casualty Company of the accident, that company, on December 12, 1933, caused its attorneys to accept service of the statement of claim on behalf of defendant. Why defendant notified the Lumbermen's Company, or why the Lumbermen's Company undertook to represent defendant, does not appear in the record, but apparently there was a mutual mistake. When the Lumbermen's Company discovered this, on December 20, 1933, it notified the St. Paul Company of the happening of the accident and the pendency of the suit. On April 6, 1934, the St. Paul Company wrote to defendant denying liability on its policy because of the failure of defendant to give it the required prompt notice as to the occurrence of the accident. On August 8, 1934, the attorneys of the Lumbermen's Company withdrew their appearance for defendant. In September, 1934, an agreement was entered into between defendant and the St. Paul Company whereby the latter agreed to defend the case provided that this should not be considered a waiver of its right to deny liability. On October 2, 1934, the St. Paul Company had its attorneys, who were the same as represented the Lumbermen's Company, enter their appearance for defendant. The case went to trial and resulted in a verdict for plaintiffs, who thereupon proceeded by a writ of attachment execution against the St. Paul Company as garnishee. On the issue raised by interrogatories and answers, the jury, in addition to a general verdict for plaintiffs against the garnishee, found specifically that, the accident having occurred on December 18, 1932, and the garnishee not having received any notice thereof until December 20, 1933, this did not con-

stitute prompt notice, but they further found that the garnishee was not prejudiced by the delay. The court entered judgment n. o. v. for the garnishee. Plaintiffs appeal.

Ordinarily, in the absence of special circumstances, the question whether an insured has failed to meet the requirements of the policy in regard to the time of giving the notice stipulated therein is one for the court; at least the delay may be great enough to justify the court in so ruling as a matter of law: *American Fire Insurance Co. v. Hazen*, 110 Pa. 530, 535; *Peoples Mutual Accident Association v. Smith*, 126 Pa. 317, 325; *Hughes v. Central Accident Insurance Company*, 222 Pa. 462, 465; *Bartels Brewing Co. v. Employers' Indemnity Co.*, 251 Pa. 63, 65; *Edelson v. American Employers Insurance Co.*, 92 Pa. Superior Ct. 90, 93; *Collins v. Home Insurance Co.*, 110 Pa. Superior Ct. 72, 82, 83; *Donnelly v. Metropolitan Life Insurance Co.*, 113 Pa. Superior Ct. 583, 586, 587. Here, however, the question was submitted to the jury, which concluded that a delay of a year and two days was not "prompt" notification. This finding was clearly proper, for notifying the wrong company was not a sufficient legal excuse for failure to comply with the terms of the policy on which recovery was sought.

Because the jury found that the St. Paul Company was not prejudiced by the delay, plaintiffs maintain that it should not be allowed to take refuge behind what they seem to regard as a mere technicality. They stress the fact that the attorneys who represented the Lumbermen's Company were counsel for the St. Paul Company, and also point out that immediately after the accident the Lumbermen's Company made an investigation and took statements from witnesses which they later turned over to the St. Paul Company. As far as the identity of the attorneys is concerned, the information acquired by a lawyer while conducting transactions for one client is not to be considered as within his knowledge when act-

ing as attorney for another client: *Kinch v. Fluke,* 311 Pa. 405, 413. As to the turning over by the Lumbermen's Company of the results of its investigation, the St. Paul Company may well have suffered a disadvantage in not having the opportunity to make its own inquiries, and, more especially, in being deprived for an entire year of the opportunity to settle the claim before the prosecution of the suit had increased the difficulties of adjustment. Ordinarily, it could scarcely be said by a jury, with any correctness, that a public liability insurance company is not prejudiced by a lengthy delay in receiving notice of the accident. In any event, however, the question of prejudice does not enter into the present case. This policy provided that the company's agreements to indemnify the insured were subject to the condition, inter alia, of giving prompt notice of the accident. Where a policy contains such a clause, the duty to give the notice as stipulated is a condition precedent, and its breach, whether or not the company suffers prejudice thereby, releases it from the obligations imposed by the policy: *Barclay v. London Guarantee & Accident Co.,* 46 Colo. 558, 105 P. 865; *Hoffman v. Employer's Liability Assurance Corporation,* 146 Ore. 66, 29 P. (2d) 557; *St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co.,* 40 Fed (2d) 344; *Houran v. Preferred Accident Insurance Co.,* 109 Vt. 258, 195 A. 253; *Malloy v. Head,* 90 N. H. 58, 4 A. (2d) 875.

Plaintiffs attack the non-waiver agreement entered into between defendant and garnishee in September, 1934, on the ground that the president and secretary of defendant who executed the agreement on its behalf were not authorized by its by-laws so to do, that the corporate seal was not affixed, and that defendant had ceased to transact business and been marked "out of existence" on the records of the Department of Revenue before the agreement was executed. Assuming that plaintiffs have any standing to raise such objections to the validity of the agreement, it is sufficient to say that it was not of

such a nature as to require the affixing of the seal, that, by section 305 of the Business Corporation Law of May 5, 1933, P. L. 364, a contract signed by the president and secretary of a corporation is held to have been properly executed, anything in the by-laws to the contrary notwithstanding, and that the president was justified in entering into this agreement since corporations have the right to defend suits even though their corporate existence may have previously come to an end: *Lebanon Valley Street Ry. Co. v. Michlovitz,* 312 Pa. 1.

Judgment affirmed.