## ALEXANDER v. STANDARD ACC. INS. CO., DETROIT, MICH.

### No. 2306.

Circuit Court of Appeals, Tenth Circuit.

Oct. 10, 1941.

Luther Bohanon, of Oklahoma City, Okl. (Bohanon & Adams and Bert B. Barefoot, Jr., all of Oklahoma City, Okl., on the brief), for appellant.

R. D. Hudson, of Tulsa, Okl. (Ned Looney and Clyde J. Watts, both of Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and WILLIAMS, Circuit Judges.

HUXMAN, Circuit Judge.

Standard Accident Insurance Company[1] executed a public liability policy of insurance with E. W. Jones, Inc.,[2] agreeing to indemnify it for damage arising out of any accident in the operation of its business of drilling, developing and producing oil and gas wells. Hugh Alexander[3] suffered an injury December 6, 1937, while working for the Company. June 5, 1939, he filed suit for damages against the Company in the state courts of Oklahoma. The summons and a copy of the petition were delivered to Standard by the Company, with the request that it defend the suit. Standard refused to defend on the ground that there was no liability because the Company had failed to serve it with notice of the accident as required by the policy. Appellant obtained a judgment against the Company for $20,000. Execution issued thereon and was returned with the notation: "No property found." Garnishment proceedings were thereupon instituted against Standard in the state courts of Oklahoma, as provided by state law. These proceedings were removed to the United States District Court for the Eastern District of Oklahoma where a trial was had to a jury. At the close of Plaintiff's case, the court directed a verdict for Standard.

The policy provides that: "Upon the occurrence of an accident irrespective of whether or not a claim for damages appears reasonably probable, the Assured shall give Immediate Written Notice thereof, with the fullest information obtainable, to the Company at its Home Office, Detroit, Michigan, or its duly authorized Agent. * * * Notice given by or on behalf of the Assured to any authorized Agent of the Company within the State where the accident occurs, with particulars sufficient to identify the Assured, shall be deemed to be notice to the Company."

To establish a cause of action, it was necessary for plaintiff to prove that this provision of the policy had been complied with. No direct evidence was adduced showing that written notice was given to Standard. Plaintiff's position seems to be that the evidence established that some kind of notice, "either oral, direct or indirect", was given, and that, if oral, Standard waived the provision of the policy requiring that written notice be given. The testimony upon which plaintiff relies to establish notice is as follows:

Charles Christianson testified that he was employed by the R. H. Siegfried Company which represented Standard; that the R. H. Siegfried Company was a general agent of Standard; and that he had charge of the claim department dealing with the investigation and payment of claims.

At the time appellant was injured, he was living at the home of his father, Harry Alexander. After the injury he spent approximately ten days or two weeks in a hospital, when he was taken back to his father's home. Harry Alexander, the father of appellant, testified that a day or two after appellant returned home a man came to his house and talked to him; he said he was an insurance adjustor; he did not remember his name. The next time he saw him was at the trial of appellant against the Company in the state court; he identified Christianson in the courtroom as

---

1 Herein called Standard.
2 Herein called the Company.

3 Herein called the appellant.

the man who came to his house that day; Christianson asked how the accident happened and asked who was present at the time appellant was injured, and he told him.

Truman Ring testified that he was one of the roustabouts working on the lease at the time appellant received his injury; that he talked to a man after the accident occurred who said he was a representative of the insurance company which carried the insurance for the company; that his name was "Christian or Christensen or Christmas, or something like that."

George Dodson testified that he was working for the company on the day the accident occurred; that after the accident and after appellant had been returned home from the hospital, he was approached by an adjustor; that he did not remember his name; that the adjustor asked him about the accident in which appellant was injured; that it was about eight or nine days after the accident occurred that he had this conversation with the adjustor.

Appellant testified that after he got home he saw an insurance adjustor for an insurance company, who asked about the accident, and he told him.

Charles Pittinger testified that he was employed by E. W. Jones, Inc., on the day appellant was injured; that he reported the occurrence to H. B. Jones, his superior officer; that he also talked to E. W. Jones, president of the company, and told him about the accident.

■■ Appellant offers no positive, direct evidence that either written or oral notice was given by the Company to either the general agent or to Standard. Can it be said that the evidence that an adjustor who was an employee of the General Agent appeared and made inquiry concerning the accident is such that from it a jury might reasonably conclude, according to reason and the common experience of men, that the company did give notice? If it can, the court was in error in directing a verdict for Standard. If not, the ruling of the court was right, because the competency of circumstantial evidence offered to establish an ultimate fact, that is, whether the circumstances may reasonably tend to prove the ultimate fact, is a question of law in the first instance, to be decided by the court. United States Fidelity & Guaranty Co. v. Des Moines Natl. Bank, 8 Cir., 145 F. 273, 279; Payne v. Blevins,

4 Cir., 280 F. 310; C. M. & St. Paul Ry. Co. v. Coogan, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041. If the inference may be drawn from these circumstances that the Company gave notice, then the question arises: To whom was it given?—to the agent or to Standard? If the notice was to the agent, was it oral or written? The policy provided for written notice and the agent had no authority to waive the provisions of the policy requiring written notice. All of these questions must be answered before it can be said that the Company gave notice to Standard. A proper answer to them cannot be reasonably inferred from the sole circumstance that an adjustor for the agent appeared and made some inquiry concerning the accident. The court rightly held that appellant failed to prove notice.

■■ The mere choice of probabilities does not constitute evidence and will not be submitted to the jury. Nor does the placing of inference on inference or presumption on presumption constitute a sufficient basis for the determination of facts. United States v. Ross, 92 U.S. 281, 283, 23 L.Ed. 707; Pennsylvania R. R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Parker v. Gulf Refining Co., 6 Cir., 80 F.2d 795; The Cabo Hatteras, D. C., 5 F.Supp. 725.

■■ Appellant, however, contends that by making an investigation of the accident, Standard waived the requirement for notice and is now estopped from asserting it as a defense. For the purpose of this discussion it may be assumed that the investigation that was made was at the instigation of Standard. Strictly speaking, the inability of a party to an action to assert as a defense a right given by a contract does not spring from a waiver thereof, but from estoppel resulting from a waiver. Mere failure to insist on a right or taking affirmative steps which would not be required until the other party to the contract had performed a condition required of him will not of itself work an estoppel. It is only when the waiver causes the other party to the contract to change his position to his detriment, which he would not have done save for his reliance upon the conduct of the other party, that an estoppel results. 26 C.J., pp. 279, 280, § 351; Vance on Insurance, 451 et seq.; Continental Ins. Co. of New York v. Portwood, 184 Okl. 22, 84 P.2d 435; Leisen v. St. Paul Fire & Marine Ins. Co., 20 N.D.

316, 127 N.W. 837, 30 L.R.A.,N.S., 539; Draper v. Oswego County Fire Relief Ass'n, 190 N.Y. 12, 82 N.E. 755. The general rule is that the mere investigation of a loss under an insurance contract of itself will not obviate the necessity of notice or proof of loss. It is only when such investigation is carried on under such circumstances as to reasonably lead the insured to conclude that nothing more will be required that an estoppel will result, 26 C.J. 403, and this seems to be the rule in Oklahoma. Continental Ins. Co. of New York v. Portwood, supra. Therefore, even if we assume that Standard caused the investigator to make a preliminary investigation it is not estopped from asserting the failure of the company to give notice as a defense against liability on the policy, for it conclusively appears that neither the company nor any officer thereof had any knowledge of the investigation. The policy required that immediate written notice be given of any accident with the attendant circumstances surrounding it. This the Company failed to do. How could it have been misled into failure to give notice by an investigation of which it had no knowledge?

The judgment is affirmed.