**BETHLEHEM STEEL COMPANY**

v.

**CONTINENTAL CASUALTY CO.**

Civ. A. No. 24786.

United States District Court
E. D. Pennsylvania.

Nov. 19, 1958.

See also 208 F.Supp. 356.

McFadden, Riskin, McCarthy & Williams, Robert H. Holland, Bethlehem, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendant.

ORDER SUR DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (FILED 6/27/58, DOCUMENT NO. 3)

AND NOW, this 19th day of November 1958, IT IS ORDERED that defendant's Motion for Judgment on the Pleadings is GRANTED, and plaintiff's claim for relief is dismissed, with leave to file an amended complaint within thirty (30) days after the above date if an amendment of paragraph 22 is possible on the subject matter of the comments attached to this order.[1]

VAN DUSEN, District Judge.

The record, for the purposes of this motion, discloses the following facts:

On May 12, 1954, defendant, Continental Casualty Company, entered into a written, three-year contract of insurance

1. Such an amendment may not be feasible under the terms of Rule 11 of the Federal Rules of Civil Procedure, 18 U.S.C.A., which provides that the signature of an attorney on a pleading constitutes a certificate by him " * * * that to the best of his knowledge, information, and belief there is good ground to support it; * * *."

designated as Comprehensive Automobile Liability Policy No. C.C.A. 5136671, with Modern Transfer Co., Inc., of Allentown, Pennsylvania. On June 30, 1955, plaintiff, Bethlehem Steel Company, leased from Modern Transfer Co., Inc., a tractor-trailer and a driver to haul a shipment of steel forgings from Bethlehem, Pennsylvania, to Schenectady, New York. On July 1, 1955, the tractor-trailer went off the road near Wurtsboro, New York, killing the driver. Oral notice of the accident was given to defendant by Modern Transfer Co., Inc., on July 2, 1955, and on July 9, 1955, Modern Transfer Co. forwarded a written accident report to Wallace H. Webster & Son, allegedly an adjuster for defendant. The administratrix of the deceased driver instituted suit against plaintiff in the Court of Common Pleas of Northampton County, Pennsylvania, on May 9, 1956. On May 10, 1956, service was made on plaintiff. Plaintiff first learned of the contract of insurance between defendant and Modern Transfer Co. on March 15, 1957. This was before the above action was assigned for trial. On or about March 20, 1957, plaintiff sent written notice to defendant of this suit, forwarding all record papers to defendant and requesting defendant to cause an appearance to be entered on behalf of plaintiff. Defendant sent to plaintiff its refusal to do so on or about March 28, 1957. The litigation referred to above resulted in a verdict of $35,600.00 in favor of the deceased driver's administratrix. The total amount paid by plaintiff, including interest and costs, was $37,715.48. Plaintiff has brought the present action against defendant under the above-mentioned insurance policy to recover over the amount of the verdict, plus interest and costs, and a counsel fee of $8,380.94 incurred in the defense of the suit, or a total of $46,096.42.

One of the grounds asserted by defendant in support of its motion for judgment on the pleadings is that plaintiff did not comply with the notice provisions of the insurance policy. Conditions Nos. 9 and 10 of the policy (see Exhibit "A" attached to Document No. 1 in Clerk's file) provide as follows:

"9. Notice of Accident When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"10. Notice of Claim or Suit If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

On this issue, the case of Unverzagt v. Prestera, 339 Pa. 141, 13 A.2d 46 (1940), is controlling. In the Unverzagt case, a permissive user, or additional insured, of an insured vehicle was held liable for injuries resulting from an accident in which he was involved. In his action against the insurance company, the additional insured claimed that he did not learn that the vehicle was insured until 3½ months after the accident, when, for the first time, he told the insured of the accident. Only then was the insurance company notified—by the insured—of the accident in writing and forwarded the record papers of the pending litigation. Preliminarily, the court held that it was the duty of the persons claiming under the policy to show that its terms and conditions had been met. Secondly, the court held that the question as to whether or not the delay of notification was justifiable was a question of law to be determined by the court, since the facts were not in dispute and the only extenuating circumstance was the additional insured's lack of knowledge of the policy which related to his exercise of due diligence. The court found, under the facts, that the additional insured did not exercise due dili-

gence, since he should have known that the vehicle would be insured. Therefore, the insurance company was not bound to indemnify him. In the present case, but for Modern Transfer Co.'s oral notice of July 2, 1955, and the written notice to Wallace H. Webster & Son of July 9, 1955, plaintiff's delay in notifying defendant was more than 21 months from the time of the accident and about 11 months from the time of the Northampton County suit. While it is immaterial whether the named insured or the additional insured, or any other person involved, notifies the insurance company, Frank v. Nash, 166 Pa.Super. 476, 71 A.2d 835 (1950), Morris v. Bender, 317 Pa. 533, 177 A. 776 (1935), it is well established that oral notice does not satisfy the requirement of written notice in policies such as the one involved here. Edelson v. Amer. Emp. Ins. Co., 92 Pa. Super. 90, 94 (1927); 76 A.L.R. 40(c); 18 A.L.R.2d 459 (§ 10). And as to the insured's notifying Wallace H. Webster & Son, the allegation that such firm is an adjuster "for" petitioner (see Complaint, Par. 22) is not sufficient to show that Wallace H. Webster & Son is an agent authorized to receive notice as required by the policy (see Condition No. 9). Normally, an adjuster is not an authorized agent in the sense that notice to him is notice to the insurer. 18 A.L.R.2d 458 (§ 8); Burbank v. National Casualty Co., 43 Cal.App.2d 773, 111 P.2d 740 (1941); cf. Alexander v. Standard Acc. Ins. Co., Detroit, Mich., 122 F.2d 995 (10th Cir. 1941). Applying the facts and principles enunciated in the Unverzagt case to the facts of this case as they thus evolve, the undersigned concludes that plaintiff has failed to comply with the notice provisions of the policy as construed by the Pennsylvania appellate court decisions. The fact that the insurer may not have been prejudiced by plaintiff's delay is immaterial. Unverzagt v. Prestera, supra, 339 Pa. at page 144, 13 A.2d 46; Ross v. Mayflower D. Stores, Inc., 338 Pa. 211, 215, 12 A.2d 569 (1940); Jeannette Glass Co. v. Indemnity Ins. Co., 370 Pa. 409, 413, 88 A.2d 407 (1952). The cases cited by plaintiff with regard to this last point—Frank v. Nash, supra, and Morris v. Bender, supra—are distinguishable on their facts since, in both cases, the insured was given prompt, written notice of the accident. The reasons for the rules enforced by the Pennsylvania appellate courts in cases such as this are summarized in Ross v. Mayflower D. Stores, Inc., supra, 338 Pa. at page 215, 12 A.2d 569.

