ROSE J. SILBERSTEIN *vs.* AARON VELLERMAN & others.

Suffolk.   November 18, 1921. — March 6, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Fraternal Beneficiary Association,* Beneficiary, Dependent relative, Notice.

Under a provision in the constitution of an unincorporated fraternal beneficiary association, that, in certain circumstances, a death benefit shall be paid to a relative of a deceased member who was "dependent for support in whole or in part upon such deceased member," a sister of such a member properly may be found to have been entitled to the benefit because partially dependent upon the deceased member, if it appears that for several years before the member's death she had lived with him, another sister and two brothers, all of whom were unmarried, in a house which had been bought with money left by the mother, who had died, and title to which stood in the names of the two sisters, that she had remained at home and had acted as housekeeper for all the household, that the others were employed in various gainful occupations and contributed to the support of the home according to their means, that the deceased member was in the most remunerative employment and brought in the most money, that he paid regularly $6 per week for his board, gave the claimant money from time to time for clothes, and spent money upon the house, that the claimant had no other property and no other means, and that she rendered a full equivalent for all she received from the rest of the family by providing their meals and doing the housework generally.

Under the provisions of the constitution of the association above described, partial dependency may exist although the claimant might have subsisted without the assistance furnished by the member.

A requirement of the constitution of the association above described, that a claimant not designated by the member shall make an application containing, among other statements, "a statement of the facts on which such claim is based," does not require a statement of subsidiary facts upon which the dependency was based: such statement is sufficient if it discloses the ultimate fact of dependency,

the relationship of the claimant to the deceased member and her claim that she was entitled to payment of the death benefit.

BILL IN EQUITY, filed in the Superior Court on June 13, 1917, and afterwards amended, asking that the defendants, a voluntary association known as the Cigarmakers' International Union of America, be required to pay a death benefit to the plaintiff as a dependent relative of her brother, William M. Silberstein, a member of the order.

In the Superior Court, the suit was heard by *Fox,* J. The material provisions of the defendants' constitution were as follows:

"Section 144c. A member may at any time designate the person or persons to whom his death benefit shall be paid. Such designation shall be in writing, signed by such member and witnessed by the Secretary of the local union to which such member then belongs or by two other credible persons, and such member may at any time thereafter in like manner change such designation. If there be no such designation, or if· the paper making such designation be not deposited with the President of the International Union within thirty days after the death of such member, such benefits shall be paid to the widow of such deceased member; if there be no widow, then to the minor children of such deceased member, and if there be no widow and no minor children of such deceased member then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member. If there be no written designation produced and deposited, as above required, no widow, no minor children, nor such dependent relative of such deceased member, or if no application in writing as hereinafter provided for the payment of such death benefit shall be made within one year next after the death of such member, then all right and claim of any and every person to such death benefit shall wholly cease and determine. Such application shall state the name and date of the death of the deceased member, a statement of the facts on which such claim is based shall be verified by the oath or affidavit of the applicant and shall be accompanied by the official report of such death or certified copy of such report. In case the designation of the beneficiary of any such death benefit is made by a will the original of which is required by law to be filed in court, a certified or sworn copy of such will in lieu of the original

may be deposited. Want of knowledge of the death of a deceased member, or of his membership, or of the liability of the union to pay such death benefit, or of any other fact, thing or happening shall not operate to extend the time for the doing or performing of any act or thing herein required to be done or performed by any beneficiary or claimant of any interest in or to any such death benefit."

The plaintiff's brother died on February 16, 1917. On March 15, the plaintiff filed with the defendants an affidavit, stating among other facts, "that I am the oldest sister of William M. Silberstein, late a member of Cigarmakers' Union No. 97 of Boston, and that since the death of my late father, Abraham T. Silberstein in 1906 and of my late mother, Cecilia Silberstein in 1911, I have lived with my three brothers and one sister, keeping house for all of them and relying wholly upon them for my support and maintenance, that one of my said brothers has no trade and is frequently out of employment and that the income of my two surviving brothers has always been uncertain and precarious, and that my sister has been out of employment since October of 1916. . . . I have never been fitted by training or experience to earn my own livelihood and have since 1906 derived my entire support from my said brother William M. Silberstein. . . . William M. Silberstein, being the only member of the family with a trade was steadily employed and paid mainly for the upkeep of the household, and in addition paid for my personal support, the other members of the family being unable so to do, they only supporting and maintaining themselves."

Being advised that the defendants did not consider the foregoing affidavit sufficient in its statement of dependency, the plaintiff on May 15 filed a further affidavit setting forth she was a sister of the deceased member of the defendant Union, and "that during the lifetime of said William M. Silberstein I, the deponent, was and have been and was at the time of his death dependent for my support and maintenance upon the said William M. Silberstein; that I am informed and believe that said William M. Silberstein during his membership in said Union made no designation of a beneficiary in accordance with the Constitution of the said Cigarmakers' International Union of America and I hereby make claim to the same as a sister and dependent of said William M.

Silberstein in accordance with the Provisions, Section 144c and other pertinent sections of the Constitution of said Cigarmakers' International Union of America. . . . I further depose and say that I have given this notice in compliance with the requirements of Section 144c and other pertinent sections of the Constitution of the Cigarmakers' International Union of America and if said notice is in any way defective or insufficient I respectfully request you to call my attention to what particular or particulars may be lacking to make said notice strictly in accordance with the requirements of the Constitution of said Union that I may not, through inadvertence or mistake, be deprived of the death benefit to which I claim to be entitled in accordance with the Provisions of said Constitution."

Other material evidence and findings of the judge are described in the opinion. A final decree was entered on October 14, 1920, directing the defendants to pay to the plaintiff $648 and costs of suit taxed at $40.76. The defendants appealed.

*John J. Walsh,* for the defendants.

*P. N. Jones,* for the plaintiff.

JENNEY, J. The plaintiff seeks to recover from the defendants, who are a voluntary association known as the Cigarmakers' International Union of America, a death benefit as a dependent relative of her brother, William M. Silberstein. One of the purposes of this association is to pay death benefits to beneficiaries or dependent relatives of members in accordance with the provisions of its constitution. The sole questions are as to the dependency of the plaintiff and as to her compliance with the constitution of the organization which required a statement of her claim.

The constitution provided for the payment of a death benefit of $550 if the decedent had been a member for the fifteen years next preceding his death. William M. Silberstein, who had been a member in good standing since early in January, 1902, and continuously thereafter until his death on February 16, 1917, died without having designated any person as beneficiary. He left neither widow nor children. The death benefit in accordance with the constitution of the order became payable to any relatives who at the time of his death were dependent on him for support in whole or in part.

As was said in the leading case of *McCarthy* v. *New England*

*Order of Protection,* 153 Mass. 314, 318: "Trivial or casual, or perhaps wholly charitable assistance, would not create a relation of dependency, within the meaning of the statute or by-laws. Something more is undoubtedly required. The beneficiary must be dependent upon the member in a material degree for support, or maintenance, or assistance, and the obligation on the part of the member to furnish it must, it would seem, rest upon some moral, or legal, or equitable grounds, and not upon the purely voluntary or charitable impulses or disposition of the member."

The facts as to dependency as found by the judge were as follows: "At the time of William's death, and for several years before that time, the family of five, consisting of Rose [the plaintiff,] William, two brothers and a sister, had lived together in one house; both parents had died, and all the children were unmarried. Rose remained at home and acted as housekeeper for all. The sisters and brothers were variously employed in gainful occupations and contributed to the support of the home according to their means. William was in the most remunerative employment and brought in the most money. He paid regularly $6 a week for his board, gave Rose money from time to time for clothes, and spent money upon the house. The house stood in the name of the two sisters, and had been bought with money left by the mother. Rose had no other property, and no other means except as above indicated. There is no other claimant of the fund. I find, if it is material, that Rose rendered a full equivalent for all she received from the rest of the family by providing their meals and doing generally the housework. But all she had to live on was what she got from her brothers and sisters, and, in the greatest degree, from her brother William; and I do not understand that, in order to acquire the status of a dependent relative, one must be helpless."

These findings were warranted by the evidence and they justified the conclusion of the judge that the plaintiff was in part dependent upon her brother. The evidence upon which these findings were based and upon which the judge's ultimate conclusion of dependency was founded has been reported, and it appears therefrom that the payments to the plaintiff by her brother were, or might have been found to be, substantial, not by way of gratuity, and neither casual nor temporary. There was evidence that in addition to the regular payment of $6 per week, the brother from

time to time gave money to his sister for spending money and for clothing, for repairs upon and painting of the house in which she lived and in which she was part owner, and that he replaced its heating apparatus in part, and contributed toward the payment of the taxes. The judge could properly find that his sister reasonably relied upon him for assistance and support. *McCarthy* v. *New England Order of Protection, supra. Wilber* v. *New England Order of Protection,* 192 Mass. 477. *McMahon's Case,* 229 Mass. 48. *Freeman's Case,* 223 Mass. 287. Partial dependency may exist even though the plaintiff might have subsisted without the assistance furnished. *McMahon's Case, supra. Freeman's Case, supra.* The cases of *New England Order of Protection* v. *Sylvester,* 116 Maine, 1, and *O'Leary* v. *Menard,* 118 Maine, 25 are, we think, distinguishable in their facts.

In an affidavit dated March 15, 1917, which was duly received by the defendants' agents or officers and as to whose authority no question is made, the plaintiff advised the defendants that since 1906 she had derived her entire support from her brother, William M. Silberstein. A second affidavit made on May 15, 1917, was duly filed with the defendants. In this the plaintiff stated that she was at the time of his death dependent for her support and maintenance upon said Silberstein. The plaintiff alleged that she had complied with the provision of the constitution as to affidavit of notice of death and of her claim, and did not rely upon any waiver thereof. In order to fulfil the requirements of the constitution, a "statement of the facts" upon which the claim of death benefit was based was required, but it was not necessary to state the subsidiary facts upon which the dependency was based. The constitution did not require a statement of the facts in detail or a full disclosure of the circumstances under which the claim of liability had arisen or of the evidence supporting the claim. The affidavits were sufficient; they disclosed the ultimate fact of dependency, the relationship of the plaintiff to the deceased member, and her claim that she was entitled to the payment of the death benefit. Where a contract of insurance required the giving of "full particulars" of an accident as a condition precedent to liability, it was held that unnecessary details were not required, but only such as would enable the defendant to determine whether a claim was likely to be made, and that the plaintiffs were not

obliged to make an exhaustive investigation of all the attendant circumstances or decide what the facts were upon conflicting evidence. *Ward* v. *Maryland Casualty Co.* 71 N. H. 262. See to the same effect *Correll* v. *National Accident Society,* 139 Iowa, 36.

In the light of the findings of the judge it is clear that the affidavits furnished were sufficient, even if a failure to comply with this provision of the constitution would preclude a recovery. It is assumed that the required report of death was furnished. No question relating thereto is made.

No error appearing, the decree must be modified by a change in the amount ordered to be paid by reason of interest accruing since its entry, and when so modified, it must be affirmed with costs.

*Ordered accordingly.*