LEONARD ROLLINS, administrator, *vs.* BOSTON CASUALTY COMPANY.

Suffolk.    October 7, 1937. — December 17, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance,* Accident, Notice. *Notice.*

Under a clause in a policy of accident insurance requiring that "notice of such accident shall be given in writing with full particulars . . . within twenty days from date of such accident, or immediately in

case of accidental death," notice of the accident given seasonably before the insured's death resulting therefrom was sufficient, without an additional notice of the death.

Under a policy of accident insurance, a requirement of written notice of an accident "with full particulars" could be found to have been met by a letter stating that the insured had fallen and injured himself severely, notwithstanding inaccuracies in the description of the injuries and as to the exact place of the fall.

CONTRACT, originally by Etta Taylor and after her death prosecuted by the administrator of her estate. Writ in the Superior Court dated October 11, 1932.

The action was tried before *Hurley*, J. There was a verdict for the plaintiff in the sum of $1,260. The defendant alleged exceptions.

*W. J. Bannan*, (*R. W. McEnaney* with him,) for the defendant.

*C. D. Driscoll*, for the plaintiff.

LUMMUS, J. Wilkins Taylor had a policy of accident insurance issued by the defendant. His wife was the beneficiary in the event of death, and the plaintiff is the administrator of her estate. On May 16, 1932, the insured fell on stairs in a house at 1489 Washington Street in Boston, breaking some bones, and thereafter remained in the hospital until he died on June 21, 1932. There was evidence that death was the direct result of the fall. Subject to the exception of the defendant, the judge denied a motion for a directed verdict in its favor, and the jury returned a verdict for the plaintiff.

The only question argued is whether there was evidence of compliance with the provision of the policy which required that "notice of such accident shall be given in writing with full particulars to the Home Office or to a duly authorized agent of the Company, in the city, town or county in which the insured shall reside at the time of giving such notice, within twenty days from date of such accident, or immediately in case of accidental death, provided such notices are reasonably possible." The parties appear to assume that compliance with this provision is a condition of liability under the policy, and we make the same assumption.

Within the time specified the following notice was given to the defendant: "May 19, 1932. The Boston Casualty Co., 52 Province Street, Boston, Mass. Gentlemen: — I wish to report an accident which happened about 3.30 on Monday afternoon, May 16, 1932, on Washington Street, Boston, when Wilkins Taylor fell and injured himself quite severely. He is at present in Ward H, Boston City Hospital, under the care of Dr. Wilson. He has contusions on his head and right foot, and his hip is injured — the doctor took an X-ray yesterday, but I have not heard what the injury is. They feared a fractured hip. Mr. Taylor's address is 57 East Springfield Street, Boston, Mass., and he is recovered [*sic*] under Policy No. 16463, Boston Casualty Company. Will you kindly take care of this, in order that Mr. Taylor may obtain the benefit of this accident policy, and oblige, Yours very truly, Mrs. Louise Svensen, (for Mrs. Wilkins Taylor) 57 East Springfield Street, Boston, Mass." Whether material or not, it is a fact that on June 22, 1932, notice was given the defendant that Wilkins Taylor died of his injuries on June 21, 1932. The defendant contends that two notices were required, one of the accident and the other of the resulting death, and that each must contain "full particulars."

In this contention the defendant relies on *Hatch* v. *United States Casualty Co.* 197 Mass. 101, and *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230. In the former it was held that under a policy requiring "notice of the injury" within "ten days of the event causing such injury" (page 102), notice of the death is insufficient without a seasonable notice of the apparently harmless accident which was the "event causing such injury." In the latter the policy provided that written notice of injury on which claim might be based must be given to the company within twenty days after the accident causing such injury, and in a separate sentence provided: "In event of accidental death immediate notice thereof must be given to the" company (page 232). It was held that where death followed an accidental injury a notice must be given after the death, even though a notice was given seasonably after the accidental injury. *Thompson*

*v. United Casualty Co.* 296 Mass. 507, is similar to the latter case.  G. L. (Ter. Ed.) c. 175, § 108 (3) does not require notice of accidental death, although it requires notice of accident.

The policy in question differs from those considered in the cases cited.  The notice required is simply notice of the accident.  That notice must be given "within twenty days from date of such accident, or immediately in case of accidental death."  If a notice such as the statute required was given before the death of the insured and within twenty days from the date of the accident, the policy does not require that another such notice be given after the "accidental death."  If the notice of May 19, 1932, was such as the policy required, it was enough to entitle the plaintiff to recover.  The decisive question is the sufficiency of that notice.

The purpose of notice of the accident has been said to be "to give the insurer an opportunity to investigate the causes and nature of the disability upon which the claim for compensation is based."  *Wilcox* v. *Massachusetts Protective Association,* 266 Mass. 230, 235.  In *Silberstein* v. *Vellerman,* 241 Mass. 80, 85, 86 (see also *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 153), it was said, "Where a contract of insurance required the giving of 'full particulars' of an accident as a condition precedent to liability, it was held that unnecessary details were not required, but only such as would enable the defendant to determine whether a claim was likely to be made, and that the plaintiffs were not obliged to make an exhaustive investigation of all the attendant circumstances or decide what the facts were upon conflicting evidence."  An erroneous statement of fact in the particulars is not necessarily fatal.  *Conroy* v. *Commercial Casualty Ins. Co.* 292 Penn. St. 219, 225.  See also *Mason* v. *Harvey,* 8 Exch. 819; *Trippe* v. *Provident Fund Society,* 140 N. Y. 23.  The only substantial inaccuracies in the notice of May 19, 1932, are these: (1) the accident happened within a building situated on Washington Street rather than on the street itself, as the notice stated, and (2) the principal injuries con-

sisted of the breaking of both legs, instead of the possibly fractured hip stated in the notice. The essence of the accident was a fall, and the place of the fall was immaterial to the liability of the defendant. The case differs in that respect from those in which liability depends upon some defect in a place within the control of a defendant. The notice did not minimize the injury, nor lead the defendant to forgo further investigation. We think that it could have been found that the defendant had seasonable written notice of the accident "with full particulars."

*Exceptions overruled.*