ARTHUR G. WILCOX *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Worcester.   September 25, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Insurance*, Notice, Accident.  *Notice.*

On evidence that the insured in an accident insurance policy knew immediately after a fall that he had injured his eye and was informed by a physician about a month later that the injury was serious, but did not give notice to the insurer until more than two months after the accident, a finding would not have been warranted that he gave the notice "as soon as was reasonably possible" as required by the policy.

CONTRACT. Writ in the Superior Court dated January 11, 1936.

A verdict for the defendant was ordered by *Collins*, J. The plaintiff alleged exceptions.

*Nunziato Fusaro*, for the plaintiff.

*G. R. Stobbs & L. E. Stockwell*, for the defendant, submitted a brief.

QUA, J. This action is upon an accident insurance policy to recover for disability and for the loss of sight of one eye resulting from bodily injuries to the plaintiff caused by a fall on steps.

The declaration alleges that the plaintiff has complied in every particular with the terms of the policy except the provisions in regard to written notice, which the declaration alleges the defendant waived. · The "Standard Provisions" require that written notice of injury be given to the company within twenty days after the date of the accident causing such injury, but they further provide that failure to give notice within the required time "shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

There was no evidence whatever that the defendant waived the requirement of notice. It is not argued that there was such evidence. The plaintiff now contends that he was excused from giving the notice within the required time because it was not reasonably possible for him to give it, and that he gave it as soon as was reasonably possible. Even if it were permissible for the plaintiff to make this contention under his declaration, the evidence would fail to sustain it. The accident occurred on Friday, January 11, 1935. Notice was not given until March 21. The plaintiff himself testified that it was perfectly apparent at once that he had had the accident and had injured his eye to some extent; that he knew he had struck his eye; that in a matter of hours it had started swelling; that from then on he had increasing trouble until the eye was removed; that by February 16 he had learned from a Dr. Myers, whom he consulted, that the retina was detached, and that it was serious; that on February 19 he was examined by a physician in Boston; that he went to the eye, ear, nose and throat infirmary of the Massachusetts General Hospital on February 24; that the eye was removed on March 9; that on the Monday after the accident (January 14) he went back to his work as overseer in the card room of a woolen company and continued at the shop, giving some directions and advice,

until February 22. No other conclusion is open than that during this period the plaintiff knew the necessary facts and could have given the notice and did not give it "as soon as was reasonably possible." There was some medical evidence that the plaintiff had sustained a concussion of the brain as a result of the accident, and suffered from "some mental disturbance," "some intellectual impairment," but this fell far short of warranting a finding that during the entire period his condition was such that it was not reasonably possible to give the notice. Failure to give the notice bars recovery. *Hatch* v. *United States Casualty Co.* 197 Mass. 101. *McCarthy* v. *Rendle,* 230 Mass. 35. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 234. *Thompson* v. *United Casualty Co.* 296 Mass. 507, 508. *Rollins* v. *Boston Casualty Co.* 299 Mass. 42. See G. L. (Ter. Ed.) c. 175, § 108, cl. 3.

*Exceptions overruled.*