## DUNN v. METROPOLITAN LIFE INSURANCE CO.

No. 6280.   Decided February 26, 1941.   (110 P. 2d 561.)

*Van Cott, Riter & Farnsworth* and *E. C. Jensen,* all of Salt Lake City, for appellant.

*E. LeRoy Shields,* of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

This action was brought against the Metropolitan Life Insurance Company, defendant and appellant, upon what is known as "Form A-1 — Standard Accident Policy." Subject to the provisions and limitations in the policy contained, it insured Alexander F. Dunn, plaintiff and respondent, "against the results of bodily injuries sustained * * * caused

directly and independently of all other causes by violent and accidental means."

The policy provides that "written notice of injury on which claim is based must be given to the Company within twenty days after the date of the accident causing the injury." The twenty day limit for notice is modified by the provision that "failure to give notice within the time provided * * * shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that such notice was given as soon as reasonably possible."

In his amended complaint, Dunn alleged that he had "given the defendant notice of such accident and resulting injuries" without any specification as to the time.

The defendant company denied this allegation of notice and pleaded the provisions of the policy of insurance as to the notice requirements.

By reply, Dunn alleges that he was engaged in the printing business, that a fire occurred and the policy was destroyed, that at the time it was not immediately called to his attention; that Dunn requested his employees to acquire and deliver to him the policy of insurance; but that his employees reported they were unable to find the policy. No allegation is made as to when these things happened.

The cause was tried to the court sitting with a jury. A verdict for Dunn was returned. Judgment was entered thereon. Defendant appeals.

At the close of plaintiff's evidence defendant interposed a motion for a non-suit upon several grounds. Among them was no proof of notice as required by the policy of insurance.

The court in denying the motion made no reference to that part of it relating to the failure of notice. The defendent then presented some evidence and both parties rested.

Defendant interposed a motion for a directed verdict upon the ground Dunn had not presented any evidence of notice and other grounds of failure of proof.

The motion for a non-suit should have been granted, failing to do so, the motion for a directed verdict on the ground of no proof of notice as required by the contract should have been granted. There is no explanation given as to why Dunn should have waited approximately six months before making a claim and more than five months before determining his policy was lost. There is evidence he was acquainted with a local agent of the insurance company. There is no evidence that Dunn was physically, mentally or otherwise unable to make his claim. Dunn's own testimony and that of his doctor indicate that in June, some two months after the accident and about four months before the claim was filed for benefits under the policy of insurance in question, he had filed a claim for health benefits under another policy with another company. There is no evidence in the record from which the conclusion could be drawn that it was not "reasonably possible" for Dunn to have filed the claim within the time specfied in the contract.

The most that could be found from the evidence in the field of facts would be that the policy had been burned, that about six months after the acident this fact became known, that a duplicate policy was issued to Dunn, that the duplicate policy was issued about the last of September, no date being given in evidence, and that shortly thereafter a claim for benefits was made.

Dunn was in full possession of his mental faculties at all times. From his bed, he participated in the direction of the printing business in which he was engaged. He made trips to Salt Lake to visit the Salt Lake Clinic. There is not a word of evidence indicating that Dunn did not know he had to file a claim within the twenty-day period after the accidental injury, no excuse for not filing notice is given or that it was not "reasonably possible" to file notice of injury. Dunn never claimed he did not know he had the policy or what the contents of the policy were.

In the case of *Donnelly* v. *Metropolitan Life Ins. Co.*, 113 Pa. Super. 583, 173 A. 489, 490, the question involved was the same as in the case at bar. On August 28, 1931, Donnelly bumped himself on a door jam at Greenville, Pennsylvania, striking his right eye. Driving back to Pittsburgh, he noticed his sight in the right eye began to grow dim. That evening, he bathed it and the following day he went to see a doctor. On the night of the accident a search was made for his accident policy but it was not found and no further search was made for three months. On August 31, 1931, Dr. Metzger examined him and found he had detached the retina and there was no serviceable vision of the eye. Donnelly learned the name of the insurer when he received notice to pay the premium the latter part of November. His wife then made a further hunt and found the policy. No notice of any kind was given until the last week of November and written notice was given December 18, 1931. The policy provided that notice must be given within ninety days or as soon as reasonably possible. Donnelly's explanation of his omission to file a claim was that he thought a reference thereto was not necessary or important as he did not know whether the policy protected him. The court in ruling on this matter stated:

"We think what is 'reasonably possible' depends upon the facts and circumstances in each particular case, and it a question for the court, and not the jury, when the facts are not in dispute, to decide whether notice was given as required by the terms of the policy. Assuming the truth of all the plaintiff's evidence, the facts established do not show such due diligence and reasonable effort upon the part of the insured to find the policy and to give notice of the injury as required by its terms."

In the case of *Wilcox* v. *Metropolitan Life Insurance Co.*, 304 Mass. 441, 23 N. E. 2d 1002; 1003, the facts state that the accident occurred on January 11, 1935, and that notice was given March 21, 1935. The plaintiff testified that it was perfectly apparent at once that he had had an accident and had injured his eye; that on February 16, he learned

the retina was detached; that on March 9 the eye was removed; that on January 14 he went back to work and continued to work until February 22nd. The court stated:

"The plaintiff knew the necessary facts and could have given the notice and did not give it 'as soon as was reasonably possible.' There was some medical evidence that the plaintiff had sustained a concussion of the brain as a result of the accident, and suffered from 'some mental disturbance,' 'some intellectual impairment,' but this fell far short of warranting a finding that during the entire period his condition was such that it was not reasonably possible to give the notice. Failure to give the notice bars recovery. [Citing cases]"

There being no evidence in the record that Dunn filed notice of injury within the period provided in the contract of insurance and the evidence failing to indicate that notice was given "as soon as was reasonably possible", the motion to dismiss should have been granted.

The discussion of the proof of injury and the admissibility of evidence is unnecessary to the determination of the cause.

Judgment is reversed. Costs to appellant.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.