IDA SEGAL *vs.* THE AETNA CASUALTY AND SURETY COMPANY.

Suffolk.   January 8, 1958. — March 7, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Insurance,* Notice, General liability insurance.  *Notice.   Law or Fact. Time.*

A general liability insurance policy requiring the insured to give the insurer notice of an accident "as soon as practicable" after its occurrence meant that the notice must be given within a reasonable time thereafter. [187–188]
On undisputed facts, what is a reasonable time is a question of law. [188]
The insured under a general liability insurance policy requiring her to give written notice of an accident "as soon as practicable" after its occurrence to the insurer and to forward to it "every demand . . . [and] process received by" her failed as a matter of law to comply with such requirement as to notice with respect to a certain accident, and was barred from maintaining an action against the insurer to recover expense incurred by her in settling a claim against her based on such accident after the insurer had declined to defend the claim, where, although she learned of the accident a few hours after its occurrence, the first information thereof given by her to the insurer was her sending to it a letter from an attorney asserting the claim more than four

months after the accident and after the death of the person injured in the accident, even if she had reason to believe after the accident that it did not come within the coverage of the policy or that no claim would be made against her on account of it.  [188–189]

CONTRACT.  Writ in the Superior Court dated May 11, 1956.

The action was tried before *Swift, J.*, who denied a motion by the defendant for a directed verdict.  There was a verdict for the plaintiff, and the defendant alleged exceptions.

*Eugene C. McCabe*, for the defendant.

*Max Kabatznick, (George M. Belsky* with him,) for the plaintiff.

RONAN, J.  These are the defendant's exceptions taken at the trial of an action of contract brought by the insured to recover damages incurred by the insured in settling an action brought against her which she alleges the company wrongfully refused to defend.

Under the terms of the policy the company agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injuries, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."  The company also agreed to defend any suit brought against the insured "even if such suit is groundless, false or fraudulent."  The insured was required to give the insurer written notice as soon as practicable upon the occurrence of an accident.  The notice should contain information respecting the time, place and circumstances of the accident, and the names and addresses of the injured and of available witnesses, and the insured was also required to forward to the insurer "every demand, notice, summons or other process received by him."

One of the plaintiff's tenants, Stedman, fell upon a common stairway on April 27, 1954, and was taken to a hospital where he died on June 22, 1954.  The plaintiff's conservator, who was managing the property, learned from a tenant within a few hours of the accident that Stedman, while carrying garbage down stairs, was seized with an epileptic

fit and was found lying upon the cellar floor. She also acquired similar information from Stedman's wife and the information that she would not bring any claim. Although the policy required the plaintiff to give written notice of the accident to the company "as soon as practicable" after its occurrence, together with whatever reasonably obtainable information that the insured may have respecting it, no such notice was given. A notice of a claim received from an attorney on behalf of Stedman's estate alleging the negligent manner in which the stairway was maintained as the cause of the deceased's injury was received by the plaintiff on August 31, 1954, and was immediately mailed to the insurance company. This was the first notice of any kind given by the plaintiff to the defendant subsequent to April 27, 1954. The defendant replied to this letter on December 8, 1954, directing the attention of the plaintiff to her failure to give written notice of the accident as soon as practicable, and further advising her that "the claim was being accepted for investigation under a complete reservation of rights under the policy" and that the investigation should not be construed as a waiver of its rights under the policy. The summons served upon the plaintiff on January 3, 1955, was mailed to the defendant but was returned to the plaintiff on January 13, 1955, with the statement that the defendant declined to accept the case and disclaimed any liability under the policy. The plaintiff hired an attorney and settled the case in May, 1956, for $1,250 after the insurance company declined to accept the offer. The plaintiff brings this action to recover this amount with the reasonable expenses. The jury awarded her $3,000.

The burden was upon the plaintiff to prove that a notice was given as soon as practicable after she had knowledge of the accident. *Nichols* v. *Continental Ins. Co.* 265 Mass. 509, 511. *Hannuniemi* v. *Carruth,* 278 Mass. 230, 232. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 599. *Depot Cafe Inc.* v. *Century Indemnity Co.* 321 Mass. 220, 223. That did not mean any designated number of days thereafter, and compliance with the policy could be met if notice was fur-

nished within a reasonable time. *Mandell* v. *Fidelity & Casualty Co.* 170 Mass. 173, 177, and cases cited. *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50, 55–56. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169. *Greenough* v. *Phoenix Ins. Co.* 206 Mass. 247, 249. *Sheehan* v. *Aetna Life Ins. Co.* 296 Mass. 535, 538. What is a reasonable time is a question of fact, but where the basic facts are undisputed it becomes a question of law. *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528. *Mowles* v. *Boston Ins. Co.* 226 Mass. 426, 429. *Depot Cafe Inc.* v. *Century Indemnity Co.* 321 Mass. 220.

The plaintiff's belief that the accident did not come within the coverage of the policy or that no claim would be made did not excuse her from giving the company written notice of the accident. The plaintiff was required to forward to the company a notice of the accident, in addition to a notice of any claim and any summons that might be served upon her. *Potter* v. *Great American Indemnity Co.* 316 Mass. 155, 157. It was not for her to determine whether any of those steps were to be omitted if she intended to hold the company liable. It was said in *McCarthy* v. *Rendle*, 230 Mass. 35, where the insured had a well founded belief that the injuries were trivial (page 39), "It is plain that the fact, that the insured has a reasonable and bona fide doubt as to the existence of any injury or of any liability, cannot be used to deprive the insurer of his contractual right to have an immediate notice of the occurrence of an accident, regardless of the damages that may be claimed to flow from that accident." See also *Malloy* v. *Head*, 90 N. H. 58; *Jeannette Glass Co.* v. *Indemnity Ins. Co.* 370 Pa. 409.

If the claim letter may be considered as a notice of the accident as the plaintiff contends (although the policy distinguished each kind of notice, *Potter* v. *Great American Indemnity Co.* 316 Mass. 155, 157), it was not received until more than four months after the accident and about two months after the person injured had died. Notice of an accident is required in order to give the insurer an opportunity to investigate the cause and nature of a claim while

the facts are still fresh in the minds of the parties. See *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 235; *Rollins* v. *Boston Casualty Co.* 299 Mass. 42, 45. As a matter of law the claim letter was given too late to comply with the provisions of the policy as to the giving of notice of an accident. *McCarthy* v. *Rendle,* 230 Mass. 35. *Kana* v. *Fishman,* 276 Mass. 206. *Goldberg* v. *Lynn Manufacturers & Merchants Mutual Fire Ins. Co.* 276 Mass. 213. *Depot Cafe Inc.* v. *Century Indemnity Co.* 321 Mass. 220. *Malloy* v. *Head,* 90 N. H. 58. *Jeannette Glass Co.* v. *Indemnity Ins. Co.* 370 Pa. 409.

The defendant did not waive any of its rights. It was entitled to have a verdict ordered for it.

*Exceptions sustained.*
*Judgment for the defendant.*