ELLIOT BAKER vs. HARTFORD ACCIDENT AND INDEMNITY COMPANY. November 29, 1963. Exceptions overruled. In this action of contract the plaintiff, as an insured member, sought reimbursement for a percentage of medical expenses under a policy of group insurance covering accidental bodily injury or sickness issued by the defendant to the plaintiff's employer. The judge found for the defendant. The case turns on the question of compliance by the plaintiff with the requirement as to the filing of notice of claim. The policy provided that "[w]ritten notice of claim must be given to the company within twenty days after the occurrence or commencement of any loss covered by this policy, or as soon thereafter as is reasonably possible." It provided further that failure to furnish the required notice shall not invalidate or reduce any claim if it be shown not to have been reasonably possible to furnish the notice and that notice was furnished as soon as was reasonably possible. Vacations excepted, from September 19, 1958, to September 25, 1959, the date of the writ, at a total cost of about $1,600, the plaintiff was psychoanalyzed twelve times a month by a qualified psychiatrist for a condition diagnosed as anxiety neurosis. The judge found that the loss to the plaintiff "occurred" in September, 1958, that the defendant received written notice of the claim on March 23, 1959, and concluded that there was a failure to comply with the notice of claim requirement. There was no error. Although, as used in the policy, the word "commencement" rather than "occurrence" more aptly refers to loss from sickness, as distinguished from accidental bodily injury, the result is the same. The notice was not seasonably filed. Failure to comply with a requirement of notice of claim in an insurance contract, where, as here, there was no showing of excuse or waiver, prevents recovery against the insurer. *Wilcox* v. *Metropolitan Life Ins. Co.* 304 Mass. 441, and cases cited. *Segal* v. *Aetna Cas. & Sur. Co.* 337 Mass. 185, 188–189, and cases cited. See *Walterman* v. *Mutual Benefit Health & Acc. Assn.* 260 App. Div. (N. Y.) 478. *American Ins. Co.* v. *Brown*, 203 Okla. 407.

*Robert Weihrauch* for the plaintiff.
*James C. Donnelly, Jr.*, for the defendant.