**PAWTUCKET MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**James E. DOLBY, Jr., Kathleen F. Dolby, and David Dolby, Defendants.**

**Civ. A. No. 68–1161–J.**

United States District Court
D. Massachusetts.

Oct. 31, 1969.

Bruce P. Gilmore, Jr., Avery, Dooley, Post & Avery, Boston, Mass., for plaintiff.

Frederick J. Wheeler, Jr., Bushell, Howland & Wheeler, Malden, Mass., for defendants.

## OPINION

JULIAN, District Judge.

The plaintiff, the Pawtucket Mutual Insurance Company, brings this action for a declaratory judgment pursuant to 28 U.S.C. section 2201.

The plaintiff seeks a declaration that because of the defendants' alleged failure to give the plaintiff notice of an accident "as soon as practicable," as required by the terms of the insurance policy, the plaintiff owes no duty to the defendants to defend an action for damages now pending against them in the Dukes County Superior Court arising out of the accident, and that the plaintiff shall not be liable for any judgment rendered against the defendants by reason of the accident.

### Findings of Fact

The plaintiff is a corporation organized under the laws of the State of Rhode Island and having its principal place of business in Pawtucket, Rhode Island.

The defendants are citizens of the Commonwealth of Massachusetts.

The matter in controversy exceeds the sum of Ten Thousand Dollars, exclusive of interest and costs.

The plaintiff insures the defendants under a home owners policy numbered H20–304802, for personal liability claims under Coverage E.

One of the conditions of the above-numbered policy applicable to liability Coverage E reads as follows:

"3. Notice of Occurrence—Coverages E and F: When an occurrence takes place, written notice shall be given by or on behalf of the insured to this Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses."

The foregoing facts are alleged in the complaint and admitted in the defendants' answer.

These additional facts have been agreed upon by the parties in their "Agreed Statement of Facts" filed with the Court on June 10, 1969:

On August 1, 1968, one Robert Maciel, age seven years, was severely burned about his legs, hips and hands. The parents of the burned child alleged that David Dolby, a minor defendant, and his parents, the defendants herein, are legally responsible for the injuries sustained by their son. A civil action sounding in tort was commenced against the defendants in the Dukes County Superior Court, returnable December 2, 1968.

The incident involving the two minors occurred while they were allegedly playing together in a field adjacent to and behind the home of the defendants. The field forms a portion of the entire Dolby parcel.

The defendants' attorney, Frederick Wheeler, was visiting on Martha's Vineyard Island shortly after the incident and agreed to represent the defendants as to any potential claims arising from this incident.

Attorney Wheeler thereupon initiated an extensive investigation into this incident in preparation of any potential suit. On two occasions, August 14, 1968, and September 5, 1968, the Chief of Police of

Tisbury, Martha's Vineyard, was notified by Attorney Wheeler that no questioning of the defendant David Dolby was to be conducted unless Attorney Wheeler was present. On September 5, 1968, the Clerk of the District Court, Dukes County, was notified that a hearing was demanded for an application charging the defendant David Dolby with a crime.

The hearing on the application was duly held in the Clerk's office on October 21, 1968, and Attorney Wheeler was present representing the Dolby boy. The application for an issuance of complaint for assault and battery was denied.

On the same day Attorney Wheeler returned to the Dolby household and at the time suggested the possibility that if the senior Dolby had Comprehensive Insurance, said insurance might cover the alleged accident even though it allegedly occurred in a vacant field behind the house. The senior Dolby turned over to his attorney his policy, and the defendants' attorney returned to Malden and examined it in detail. After due examination the defendants' attorney thought the policy might cover the incident.

By letter dated October 25, 1968, Attorney Wheeler informed the Pawtucket Mutual Insurance Company, the plaintiff herein, of the incident in question. The closing two paragraphs of that letter are set out as follows:

"On examining the policy it appears to me that the Maciel boy could be covered by the Dolby policy.

"I investigated the incident within two days of its occurrence and my notes are available to you. I would appreciate hearing from you on this matter."

On October 28, 1968, Attorney Wheeler sent a photostatic copy of page one of the policy to the plaintiff, Pawtucket Mutual.

Pawtucket Mutual then commenced an investigation with respect to the notice aspect of this case by writing to their agent on Martha's Vineyard, one Mr. Bermuda. He responded by saying that he received no notice from the defendants or their attorney at any time.

On November 16, 1968, the plaintiff, acting through one John F. Fitzsimmons, secured a non-waiver agreement from the defendants and reservation-of-rights letter was duly forwarded to the defendants by the law firm of Avery, Dooley, Post & Avery, representing the plaintiff.

On December 13, 1968, the insurer acknowledged to the insured the existence of the policy.

The issue in the case is whether on the foregoing facts the defendants or their attorney gave the plaintiff notice of the occurrence "as soon as practicable" as required by the terms of the policy.

### Conclusions of Law

■ In the absence of waiver, estoppel, or legal excuse, failure on the part of the insured to give the insurer notice of the occurrence of an accident "as soon as practicable" after the occurrence, as required by the terms of a liability policy, relieves the insurer of liability under the policy. Potter v. Great American Indemnity Co., 1944, 316 Mass. 155, 55 N.E. 2d 198; Duggan v. Travelers Indemnity Co., 1967, D.C., 265 F.Supp. 819.

■ Whether notice was given as soon as practicable after the defendants had knowledge of the accident is a question of fact. The burden of proving that such notice was given rests upon the defendants. Notice "as soon as practicable" means notice within a reasonable time. When the facts are undisputed, what constitutes a reasonable time becomes a question of law. Segal v. Aetna Casualty & Surety Co., 1958, 337 Mass. 185, 148 N.E.2d 659.

In this case the facts with respect to notice are undisputed.

■ The policy of insurance explicitly required that written notice of the occurrence "shall be given * * * as soon as practicable."

The accident occurred on August 1, 1968. Notice of the occurrence was not given to the plaintiff insurer until October 25, 1968, when, after examining the policy in detail, the defendants' at-

torney "thought the policy might cover the incident." No other excuse or justification is claimed for the defendants' protracted delay in giving notice.

Notice given 85 days after the occurrence of the accident was not notice within a reasonable time and did not constitute compliance with the requirement of the policy. Comeau v. Phoenix Assurance Co., 1966, 350 Mass. 769, 215 N.E. 2d 175; Brackman v. American Employers' Insurance Co., 1965, 349 Mass. 767, 208 N.E.2d 225; Segal v. Aetna Casualty & Surety Co., supra.

The obvious intent and purpose of the requirement in the policy that notice be given as soon as practicable was to secure to the plaintiff the valuable opportunity to investigate the occurrence without unnecessary delay while it was still fresh in the minds of those who may have witnessed it or who had otherwise acquired knowledge of it. Rollins v. Boston Casualty Co., 1937, 299 Mass. 42, 45, 11 N.E.2d 918. A prompt investigation is an important safeguard against baseless or exaggerated claims.

On October 25, 1968, when defendants' attorney gave the plaintiff notice of the accident, he also offered to make available to the plaintiff his "notes" of an investigation he made within two days after the accident. The offer was ignored. The contents of the "notes" are not disclosed.

The offer of the "notes" does not excuse defendants' failure to give the required notice. The plaintiff was entitled to a reasonably prompt opportunity to conduct its own investigation of the accident. An investigation by defendants' attorney was not what the plaintiff bargained for in the policy.

The fact that it was not until shortly before October 25, 1968, that the defendants' attorney arrived at the conclusion that "the policy might cover the incident," does not justify or excuse the defendants' delay in giving notice. Doubt about coverage cannot be used to deprive the insurer of its contractual right to have the required notice. Potter v. Great

American Indemnity Co., supra; see McCarthy v. Rendle, 1918, 230 Mass. 35, 119 N.E. 188.

On the facts of this case the Court rules that the defendants failed to give the plaintiff the notice it was entitled to have by the terms of the policy and that such failure relieved the plaintiff of liability under the policy for the accident in question.

Accordingly, it is adjudged and decreed that the plaintiff owes no duty to the defendants to defend the action now pending in the Dukes County Superior Court, Maciel v. Dolby et al., Docket Number 1514, which arose out of the accident that occurred on August 1, 1968, in which one Robert Maciel is stated to have been severely burned.

It is further adjudged and decreed that because the defendants failed to comply with the notice provision in the policy of insurance, the plaintiff shall not be liable for any judgment that may be rendered against the defendants by reason of any liability they may have incurred on August 1, 1968, in the burning of said Robert Maciel.