MAE F. MORSE *vs.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD. February 27, 1975. This is a bill to reach and apply a liability insurance policy written by the defendant in satisfaction of a judgment previously obtained against the insured,, Brenner's Department Store, Inc. (the Store), by reason of an accident on the Store's premises on May 7, 1969, in which the plaintiff was injured. In its appeal from the final decree of the Superior Court for the plaintiff, the defendant challenges the finding of the trial judge that the Store had notified the defendant of the plaintiff's claim "as soon as practicable" in accordance with the terms of the policy. The plaintiff, whose rights are derivative from those of the Store and subject to any defenses available to the defendant against the Store (*Polito* v. *Galluzzo,* 337 Mass. 360, 363 [1958]), had the burden of proving that the defendant had been given such notice. *Segal* v. *Aetna Cas. & Sur. Co.* 337 Mass. 185, 187 (1958). The judge found that letters notifying the Store of the plaintiff's claim, mailed respectively on or about May 14 and June 26, 1969, had been duly received by the Store, and neither party questions the propriety of that finding, which was plainly correct. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508, 509 (1939). *Federal Ins. Co.* v. *Summers,* 403 F. 2d 971, 975 (1st Cir. 1968). However, it was error for him to find that the Store had forwarded those letters to the defendant "in the normal course of business," as there was no evidence that the letters had been mailed to the defendant by any person on behalf of the Store (contrast *Anderson* v. *Billerica,* 309 Mass. 516 [1941]), nor any evidence that any such person had even seen the letters or acted upon them in any way whatsoever (see *Schneider* v. *Boston Elev. Ry.* 259 Mass. 564, 566 [1927]; compare *Leasing Associates, Inc.* v. *Slaughter & Sons, Inc.* 450 F. 2d 174, 180 [8th Cir. 1971]; contrast *Prudential Trust Co.* v. *Hayes,* 247 Mass. 311, 313-315 [1924]; *Meehan* v. *North Adams Sav. Bank,* 302 Mass. 357, 363-364 [1939]). The earliest notice of the plaintiff's claim to the defendant which the evidence discloses was at some time after August 21, 1969, when the plaintiff commenced her tort action against the Store. That notice was too late as a matter of law. *Segal* v. *Aetna Cas. & Sur. Co., supra,* at 188-189. *Brackman* v. *American Employers' Ins. Co.* 349 Mass. 767 (1965). *Pawtucket Mut. Ins. Co.* v. *Dolby,* 305 F. Supp. 703, 706 (D. Mass. 1969). The decree is therefore reversed, and a decree is to be entered dismissing the bill.

*So ordered.*

*John Arthur Johnson* for the defendant.
*William D. Barry* for the plaintiff.