Whitehead, J.
The plaintiff, Guy Harrington (“Harrington") brings this action against his insurance company, the defendant Commerce Insurance Company (“Commerce”), claiming that Commerce wrongfully denied insurance coverage to Harrington, pursuant to the underinsured provisions of his motor vehicle policy, for injuries he sustained in an automobile accident. Specifically, Harrington seeks a declaratory judgment that (1) notice of his claim to Commerce under the insurance policy was sufficient, (2) Harrington has the right to arbitration, and that (3) Commerce must proceed to arbitration of Harrington’s claim.
Commerce now moves for summary judgment on the ground that Harrington failed to timely notify Commerce of his “accident or loss” as required by the policy. For the reasons outlined below, the defendant Commerce’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
The material undisputed facts are as follows: In July 1990, the plaintiff Harrington purchased an automobile insurance policy from Commerce effective for the period of July 7,1990toJuly7,1991. With respect to underinsured bodily injury claims, the policy covers Harrington in the amount of $50,000 per accident. However, the policy also provides that to recover for such claims, Harrington must first give to Commerce prompt notice of an accident or loss:
*108 We don’t know about accidents or losses until you or someone else notifies us. We, or our agent, must be notified promptly of the accident or loss by you or someone on your behalf. The notification should include as many details as possible, including names and addresses of drivers, injured persons and witnesses.
Massachusetts Automobile Insurance Policy, p. 28, Exhibit 2 (emphasis supplied).
On February 9, 1991, during the effective period of Harrington’s insurance policy, Harrington was injured in an accident while a passenger in an automobile operated by Stephen B. Collachio, (“Collachio”). Col-lachio carried liability insurance as a driver with Liberty Mutual Insurance Company in the amount of $10,000 per person per accident. Although Harrington’s bodily injuries apparently exceeded $10,000, Harrington did not immediately notify Commerce of the accident or his injuries. He was unaware that Collachio’s insurance was insufficient to cover his claim. In fact, Harrington did not notify Commerce of the accident or loss until almost 21 months later, by letter dated November 2, 1992.[1] This was six days after Harrington discovered that Collachio was under-insured for Harrington’s injuries.
On March 24, 1993, Harrington formally filed a claim with Commerce for underinsured benefits, which Commerce denied on April 8, 1993, noting that Harrington had failed to give Commerce prompt notice of the accident or loss.
DISCUSSION
Summary Judgment
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.”LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
Notice Requirement
The interpretation of insurance policy language presents a question of law. Jet Line Services v. American Employers, Ins. Co., 404 Mass. 706, 710 n.5 (1989). Jefferson Ins. Co. v. Holyoke, 23 Mass.App.Ct. 472, 475 (1987). Accordingly, “what constitutes timely notice under the insurance policy is a matter of contract interpretation and is therefore ‘a matter for the court.’ ” Royal Globe Ins. Co. v. Craven, 411 Mass. 629, 632 (1992) (quoting Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 17-57 (1983).
In Royal Globe Ins. Co. v. Craven, 411 Mass. at 633, the Supreme Judicial Court recognized that notice to an insurance company four months after the accident occurred is not “prompt notice” under an automobile insurance policy. See also Brackman v. American Employers’ Ins. Co., 349 Mass. 767 (1965) (forty days); Segal v. Aetna Cas. & Sur. Co., 337 Mass. 185, 188-89 (1958) (four months and four days); Depot Cafe, Inc. v. Century Indem. Co., 321 Mass. 220, 225 (1947) (forty-six days); Phillips v. Stone, 297 Mass. 341, 342 (1937) (twenty days); Wainer v. Weiner, 288 Mass. 250, 252 (1934) (two months and six days); Powell v. Fireman’s Fund Ins. Co., 26 Mass.App.Ct. 508, 509 (1988) (more than four months); Morse v. Employers Liab. Assur. Corp. Ltd., 3 Mass.App.Ct. 712 (1975) (three months and two weeks). Relying upon Craven, this court has found various lengths of time less than the 21 months involved here to have been not “promptly made.” See e.g. Metropolitan Property and Liability Ins. Co. v. Tardiff, C.A. No. 92-7212 p. 5 (Middlesex Superior Court, October 27, 1993) (52 days); Goodman v. American Cas. Co., C.A. No. 92-6076, p.4 (Suffolk Superior Court, June 1, 1993) (almost four months); Arbella Mut. Ins. Co. v. Crippen, C.A. No. 92-1870, p.3 (Norfolk Superior Court, December 31, 1992) (6 months); Amica Mut. Ins. Co. v. Dessantos, C.A. No. 92-0292, p. 5 (Norfolk Superior Court, September 18, 1992) (4 months 5 days). In light of these authorities, Harrington’s notice to Commerce 21 months after the accident cannot be considered to have been “prompt.”
Harrington makes two arguments to the contrary. First, he contends that his notice should be considered prompt because it was given six days after Harrington discovered that Collachio was underinsured for Harrington’s injuries. However, the policy requires that notice be given promptly after the “accident or loss.” Indisputably, both the accident and Harrington’s loss occurred on February 9, 1991, when Harrington was injured in Collachio’s automobile, not *109 when Harrington discovered that Collachio was un-derinsured.
Second, Harrington contends that even if his “accident or loss” occurred on the day of his injuries, his notice to Commerce was prompt because his notice was “reasonably” given. However, even if “prompt” means reasonable, Harrington’s delay was still unreasonable as a matter of law. See Powell v. Fireman’s Fund Ins. Co., 26 Mass.App.Ct. 508, 513 (1988) (“What is a reasonable time is a question of fact, but where the basic facts are undisputed it became a question of law”). A reasonable person would not presume that another’s insurance would pay for bodily injuries in excess of $10,000. On the contrary, a reasonable person would contact his own insurance company promptly after sustaining injuries to ensure compensation.
The Question of Prejudice
Harrington further argues that Commerce has failed to establish that it was prejudiced by Harrington’s late notice and therefore, under M.G.L.c. 175, §112, it cannot validly deny coverage to Harrington. This argument, however, also fails because Commerce is under no obligation to show prejudice. General Laws c. 175, §112 does require an insurance company to establish that it was prejudiced by tardy notice, before it can deny coverage due to such tardiness. However, §112 applies only to claims involving liability insurance. See Cardin v. Royal Ins. Co. of America, 394 Mass. 450, 452 (1985). This Court has repeatedly recognized that uninsured motorist coverage is not liability insurance. Cunningham v. Amica Mutual Ins. Co., C.A. No. 91-03361 (Middlesex Superior Court, July 31, 1992) (insurer need not prove prejudice for uninsured to justify denial of coverage under belated claim); Arbella Mut. Ins. Co. v. Cripper, C.A. No. 92-1870 (Norfolk Superior Court, December 31, 1992) (same). Harrington contends that underinsurance, unlike uninsurance coverage, is liability insurance. Harrington, therefore, attempts to distinguish uninsured motorist coverage and underinsurance motorist coverage for these purposes. However, there is no substantial distinction between them. Both cover the insured’s bodily injuiy caused by others, and neither covers the insured’s liability to others. Put simply, both are forms of personal insurance rather than liability insurance. Accordingly, M.G.L.c. 175, §112 does not apply to Commerce, and it need not prove prejudice.
In light of the above, this court concludes that on the undisputed facts, the plaintiff Harrington has failed to establish that it gave prompt notice to Commerce. Summary judgment is appropriate under the circumstances. Flesner v. Technical Communications Corp., 410 Mass. at 809.
ORDER
Accordingly, it is hereby ordered that defendant Commerce Insurance Company’s Motion for Summary Judgment be ALLOWED.
A declaration shall enter that
(1) Plaintiff Guy Harrington’s notice to Commerce Insurance Company for underinsurance coverage was untimely and therefore insufficient; and
(2) Harrington has no right to arbitration with Commerce Insurance Company on his claim for un-derinsurance coverage.

 Harrington’s letter to Commerce stated that Liberty Mutual “has finally disclosed that Mr. Collachio’s B.I. coverage is $10,000/20,000” and, therefore, Harrington was “putting [Commerce] on notice that we shall most likely be making an underinsured claim in this case." (Exhibit 2, A.)