Wheatley, J.
Following a July, 1996, car accident involving the plaintiff (Allen) who was insured by the defendant (Trust), Allen brought suit alleging violations of Mass. Gen. L. chs. 90, §34M and 93A/176D.[1] The trial judge allowed Allen’s motion for summary judgment and denied a similar motion by Trust. Trust has claimed an appeal.[2] We find that there was error, and remand the matter to the trial court for a trial on the merits.
Under Mass. R. Civ. E, Rule 56(c), in deciding a motion for summary judgment, a judge, to determine whether there is a genuine issue as to any material fact, must consider the "... pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any....” A summary of the background of this case, gleaned from so many of the above documents as have been made available to us, follows.
On July 24,1996, Allen, while insured by Trust, was involved in a car accident. At that time, she was unemployed and had no health insurance. She reported the accident by telephone to Trust on July 26. The first time she sought treatment for her injuries was on August 15 at Carney Hospital, but did not treat again until October 1,1996, when she went to see a chiropractor. At that time she filled out an affidavit of no health insurance, which was sent to Trust on November 19. It was not notarized. On November 8, her counsel sent Trust a letter of representation, and requested a personal injury protection (PIP) application. On November 22, he submitted to Trust an application, which was returned as incomplete. It was completed and resubmitted on November 29.
On December 18 Allen submitted to an independent medical exam (IME), which Trust had requested eight days previously. That doctor reported under oath on December 26 that “There is no clinical evidence in [Allen’s] medical records to support more than three to four weeks of chiropractic care [necessary to resolve the injuries received in the] accident of 07/24/96.” On January 16,1997, Trust wrote to Allen saying that, based on the IME doctor’s report, they were unwilling to make any payment under PIP coverage for expenses for more than three to four weeks of treatment. Allen’s treatment ended on December 26. Her chiropractor’s report, under oath, though not specifically asserting that the treatment was necessary and the bills were reasonable (Mass. Gen. L. ch. 90, §34A), stated that Allen “experienced slow but steady positive improvement in her condition over the period of treatment between 10/01/96 and 12/26/96.” Trust paid only $2004 in benefits. On April 25,1997, Allen brought suit for the payment of the *120 additional medical expense of $1856. Trust answered with a general denial.
On September 12 the judge denied cross motions for summary judgment. Trust, in its motion, argued that Allen had given untimely notice of her claim and was, therefore, not entitled to any payment. On May 8, 1998, the judge allowed Trust’s motion to reconsider its motion for summary judgment, denied it again, allowed summary judgment to enter in favor of Allen, sua sponte, and wrote, in part:
[Tjhere now exists no issue of material facts to be determined on the pltff[’s] underlying complaint; after review of all exhibits, of all admission [s] of facts & answers to interrogatories, the court finds that its notice to the insured was reasonable & that as a matter of law the pltff. is entitled to judgement; the deft, motion for summary judgement is denied; pltff. motion for summary judgement is allowed; ...
Additionally, the judge denied Trust’s second motion for reconsideration and its motion to dismiss at time of trial and assessed damages, including attorney fees, in the amount of $6809.02.[3] It is for these reasons that Trust has appealed.
Trust contends that, 1) not only should summary judgment not lie in Men’s favor, because there is a genuine issue as to whether Allen’s expenses are reasonable and the services provided her are necessary, but that 2) summary judgment should enter in its favor because Men did not, as a matter of law, make a claim for benefits “as soon as practicable after the accident” occurred, thus interfering with Trust’s right to a timely IME and precluding Men from receiving any benefits.
1. Whether Allen’s expenses are reasonable and the services provided her are necessary. The allowance by the trial court of Men’s motion for summary judgment implies that the court found Men’s bills to be fair and reasonable, despite the existence of medical-opinion affidavits for both Men and Trust that put in dispute the length of time (Men: almost three months; Trust: three to four weeks) necessary for proper chiropractic care. The trial judge either disbelieved or disregarded Trust’s affidavit. “The purpose of the summary judgment [rule] ... is to avoid the delay and expense of a trial where there is no genuine issue of fact. (Cases cited). However, ‘[i]f the affidavit of defence shows a substantial issue of fact, summary judgment should not be ordered even though the affidavit be disbelieved.’” Kesler v. Pritchard, 362 Mass. 132 (1972), at 134. ‘The purpose of the affidavits and hearing is to determine whether such facts are disclosed as the court finds entitle the defendant to defend. A substitution of trial by affidavits for trial on evidence clearly is not intended. The duty of the trial judge is to determine whether there is a substantial issue of fact and not to try such issue if found to exist.... Questions of credibility of affidavits or evidence do not concern the trial court.” Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597 (1935), at 603. “If the affidavits on the one side and on the other are directly opposed as to the facts shown, the case must go to trial.... These affidavits stand on a different footing from those in cases where the trial judge is simply deciding a question of fact upon affidavits.” Id. at 604. Since Trust’s affidavit reveals the existence of a genuine issue of fact; namely, the fairness and reasonableness of Men’s bills, we are of the opinion in the present case that summary judgment should not have been entered for the plaintiff.
*121 2. Whether Allen’s notice was given as soon as practicable after the accident. Mass. Gen. L. ch. 93, §34M, para. 3, requires the insured to present a claim for benefits to the company "... as soon as practicable after the accident occurs from which such claim arises ...” (emphasis supplied). “As soon as practicable” has been defined as “within a reasonable time,” Powell v. Fireman’s Fund Ins. Cos., 26 Mass. App. Ct. 508 (1988), 529 N.E.2d 1228, Segal v. Aetna Casualty & Surety Co., 337 Mass. 185 (1958), and cases cited, and does not mean any designated number of days thereafter. Id. at 187. In the case at bar, Men informed Trust two days after the accident and filed a loss notice. Thereafter she filed an “incomplete” application for benefits on November 22 and refiled a completed form on November 29, more than four months after the accident.
Notice of an accident is required in order to give the insurer an opportunity to investigate the cause and nature of a claim while the facts are still fresh in the minds of the parties. Id. at 188-189. See also Wilcox v. Massachusetts Protective Association, 266 Mass. 230 (1929), at 235. The burden is upon the plaintiff to prove that a notice was given as soon as practicable after she had knowledge of the accident. Id. at 187. In Hodnett v. Arbella Mutual Insurance Co., 1996 Mass. App. Div. 131 (1996), at 132, the Court, in examining a similar claim under §34M, said that it was “practicable” for the plaintiff to file a claim as soon as he “had knowledge of what a claim would include; i.e., a written description of the nature and extent of injuries sustained, treatment received and contemplated and such other information as may assist in determining the amount due as payable.” Men has stated that she waited to report the details to Trust because she was not sure whether she was even going to file a claim. However, under the statute, she does not have that option. “[T]he legislature did not intend to vest in the insured control over the timing of PIP reimbursement...” Id. at 132. What is a reasonable time is a question of fact, but where the basic facts are undisputed it becomes a question of law. See Segal, supra, and cases cited.
Intertwined with the issue of timeliness, however, is the question of waiver on the part of Trust. Trust accepted Men’s application and established a file in this case. They made a PIP reimbursement of $2004 to Men (it is unclear what the payment was for). They also arranged for an IME in December and sent a determination of the limits of their liability to Men in January, approximately six months after the accident. In all of this time, they did not reserve their right to disclaim their liability due to an untimely notice.[4] This “timeliness” issue was raised for the first time on September 9,1997, when their attorney filed an opposition to Men’s motion for summary judgment.
“Waiver is the intentional relinquishment of a known right. ... The insurer is barred from subsequent disclaimer... even though there was no conscious intent to waive rights.” Rose v. Regan, 344 Mass. 223 (1962), at 229. See also Fuller v. Home Indemnity Co., 318 Mass. 37 (1945), at 43, wherein the Court held that a denial of liability or a refusal to pay by an insurance company not predicated on the failure of the plaintiff to furnish proofs is a waiver of any objection on that ground; and Star Fastener Inc. v. American Employers’ Ins. Co., 326 Mass. 728 (1951). “There is a time when objections in matters of form must be taken. If they are not then made, they never can be made.” Blake v. Exchange Mutual Insurance Company, 12 Gray 265 (1858), at 272. See also Employers’ Liability Assurance Corp. Ltd. v. Vella, 366 Mass. 651 (1975). In that “ [w] aiver is ordinarily a question of fact and not one of law,” Doujotos v. Leventhal, 271 Mass. 280 (1930), at 283, it is within the province of the trial court in this case to make this determination after trial.
*122 Accordingly, the allowance of Allen’s motion for summary judgment is vacated, the denial of Trust’s motion for summary judgment, two motions for reconsideration, and motion to dismiss are affirmed, the assessment of damages and judgment in favor of Men are vacated, and the case is remanded to the District Court for trial.
So ordered.

 During one of the hearings, Allen waived any claim under G.L.c. 93A/176D (Count II).

 Trust has also appealed the judge’s denial of its motion for reconsideration of its summary judgment motion, and its motion to dismiss.

 Trust filed Requests for Findings of Fact and Rulings of Law in connection with its motions. Though it is unclear on the record when this occurred, the judge was not required to respond to the Requests for Findings of Fact. Mass. R Civ. R, Rule 52(c). Requests for Rulings of Law nos. 1-23 concern Count II which was waived by Men. Nos. 24-28 raise the same issues that are presented in connection with the denial of Trust’s motions.

 Two other issues raised by Trust in the trial court; namely, Men’s reporting of two different dates of the accident, and the health insurance affidavit that was not notarized, were not argued on appeal and are deemed waived.